John A. LARSON, Plaintiff
and Appellee,

v.

UNLIMITED BUSINESS EXCHANGE OF
NORTH DAKOTA, INC., a corporation;
Unlimited Business Exchange, a part-
nership, Defendants,

and

Richard Collins, Defendant
and Appellant.

Civ. No. 10280.

Supreme Court of North Dakota.

March 3, 1983.

Fleck, Mather, Strutz & Mayer, Bis-
marck, for plaintiff and appellee; argued
by Steven A. Storslee, Bismarck.

Teevens, Johnson, Montgomery, Minot,
for defendant and appellant; argued by
Bruce Montgomery, Minot.

SAND, Justice.

Richard Collins appealed from an order
denying his motion for a judgment notwith-
standing the verdict or, in the alternative,
for a new trial.

In the fall of 1979 Willis Wright, of Salt
Lake City, Utah, informed Richard Collins
and his brother, Douglas Collins, of the
opportunity to purchase a franchise for a
trade and barter organization in western
North Dakota. In March 1980 the Collins
brothers and other investors formed a cor-

poration, "Unlimited Business Exchange of North Dakota, Inc.," (UBE) with its registered office located in Bismarck, North Dakota. Douglas Collins was designated as the corporation's registered agent and was elected its president.

UBE purchased the franchise from Willis Wright; however, Wright encountered registration problems with the North Dakota Securities Commission and repurchased the franchise from UBE. Richard Collins and Douglas Collins continued to operate the business as employees of Wright. In June 1980 Richard Collins bought out the interests of the original investors and purchased the franchise from Wright. Thereafter, Richard Collins conducted the business as a sole proprietorship called Unlimited Business Exchange.

In March 1980 UBE, as tenant, entered into a lease agreement with John A. Larson, as lessor, to lease office space in a building in Bismarck, North Dakota, for a period of twenty-four months, with payments of $798.00 per month, beginning on 1 April 1980.[1] The lease was signed by "John A. Larson, Lessor" and "Doug Collins, Pres., Tenant." The acknowledgment of Collins' signature[2] did not state any position with UBE or any other corporation.

By a letter dated 12 January 1981, UBE, through its general manager, Tim Anderson, indicated that as of 15 March 1981 it would no longer be renting the office space. John Larson, by letter dated 3 February 1981, referred UBE to the last paragraph of the lease[3] and stated:

"Consequently, in order to avoid having to exercise my option to legally protect myself, may I suggest that you assist me in finding a new tenant. If you find an interested party, just have them call me and maybe we can avoid any further problems.

"I will also allow you to sub-lease if you desire. By that, I mean you can continue to be responsible to me for the lease, but can lease to a third party for whatever rent you can collect."

UBE paid rent for half of March 1981 and vacated the premises on 13 March 1981. John Larson secured another tenant for the premises on 1 August 1981.

John Larson then commenced an action in Burleigh County, North Dakota, against UBE as a corporation for the unpaid rent from the middle of March to 1 August 1981. Discovery proceedings were initiated and Richard Collins was deposed. In his deposition, Richard Collins indicated that UBE had never operated as a corporation and was actually a partnership, regardless of any incorporation documents filed with the Secretary of State. Because of these statements, a stipulation was entered into between counsel whereby the venue of the action was changed to Ward County, the residence of Richard Collins, and the complaint was amended to include UBE as a partnership, and Richard Collins, personally, as named defendants.

After a trial to the court, the court issued findings of fact, conclusions of law, and order for judgment in which it found, in essence, that Richard Collins conducted UBE as a sole proprietorship, thereby becoming the alter ego of the corporation. The trial court found that Richard Collins was personally liable for the debts and obli-

---

1. The lease contained a provision that if the tenant took possession of the property other than on the first day of the month, the rent for that month would be the pro rata share of the monthly rent. UBE began renting the office space on 14 March 1980.

2. The acknowledgment of Doug Collins stated as follows:

"On this 18th day of March, 1980, before me personally appeared Doug Collins, known to me to be the same person(s) described in and who executed the within and foregoing instrument and he/she/they severally acknowledged to me that he/she/they executed the same."

Signed by a Notary Public.

3. The last paragraph of the lease provided as follows:

"If the TENANT breaches any of the terms of this agreement, then this lease shall be in default and the LESSOR shall be free to take whatever steps are necessary to protect his interest, including an action to evict the TENANT and to collect damages for the unpaid rent for the balance of the term of the lease."

gations of the corporation, including the lease with Larson. A judgment against Unlimited Business Exchange of North Dakota, Inc., and Richard Collins, personally, jointly and severally, in the amount of $3,990.00, together with interest and costs, was entered on 19 July 1982.

On 30 July 1982 Richard Collins, pursuant to Rule 50(b), North Dakota Rules of Civil Procedure, moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion on 17 August 1982. Richard appealed from the order denying the motion, but did not appeal from the judgment.[4]

Although the appellant, in his brief and oral argument, contended and presented issues to this Court as if the appeal had been taken from the final judgment, we nevertheless must recognize that the appeal was taken only from the denial of the motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.

We must first determine if a motion pursuant to Rule 50, NDRCivP, for a directed verdict or a judgment notwithstanding the verdict is proper in a bench trial.

■ Our Rules of Civil Procedure were derived from the Federal Rules of Civil Procedure and any construction and interpretation given to the federal rules is entitled to appreciable weight by this Court in interpreting and construing our rules. *E.g.*, *Dvorak v. Dvorak*, 329 N.W.2d 868 (N.D. 1983).

■ In a bench trial, the court, out of necessity, must weigh the evidence to arrive at a decision; however, in a jury trial the jury weighs the evidence and reaches a verdict. The purpose of a motion pursuant to Rule 50 for a directed verdict or a judgment notwithstanding the verdict is to remove the case from the jury when there is no evidence upon which a reasonable person could find for the party opposing the motion. *See,* 9 Wright and Miller, Federal Practice and Procedure: Civil §§ 2523, 2530. A motion for a directed verdict or a judgment notwithstanding a verdict is not applicable to a case tried without a jury. *Id.*[5] See, *Lentino v. Fringe Employee*

---

4. The notice of appeal stated:
   "Notice is hereby given that Richard Collins, defendant above named, hereby appeals to the North Dakota Supreme Court from the denial of the motion for judgment notwithstanding the verdict or for a new trial entered in this action on the 17th day of August, 1982."
   A subsequent motion was filed with this Court by counsel for Collins requesting that the notice of appeal be amended to reflect that the appeal was taken by all the defendants from the final judgment entered on 19 July 1982. During oral argument the motion was withdrawn. Thus, the appeal by Richard Collins only is consistent with the position, and the trial court's finding, that he was the sole proprietor and operator of UBE.

5. Vol. 9 Wright and Miller, Federal Practice and Procedure, Civil: § 2523, reads as follows:
   "Rule 50 applies only in cases tried to a jury with the power to return a binding verdict. It does not apply to cases tried without a jury nor to those tried to the court with an advisory jury.
   "This would seem too obvious to merit comment but there has been some confusion on the point. The confusion arose because Rule 41(b) allows a motion for involuntary dismissal at the close of the plaintiff's evidence. That motion comes at the same time

as a motion for a directed verdict at the close of the plaintiff's case and each motion presents a means for determining whether the defendant must present evidence. Thus it is not surprising that one name was often used where the other was intended. But the Rule 41(b) motion had been intended only for nonjury cases. The difference was significant because the standard to be applied by the court in passing on a motion for involuntary dismissal is quite different from the standard on a motion for directed verdict. Rule 41(b) was amended in 1963 to make it clear that it can be used only in a nonjury case. If counsel should use the wrong name, this defect should be disregarded and a motion in a jury case, whatever it is called, *should be treated as a motion for directed verdict.*"
That same source, at § 2530, reads, in part, as follows:
   "Any confusion between the two motions would be unfortunate because entirely different standards apply to each. On a motion for involuntary dismissal at the close of the plaintiff's evidence in a nonjury case the court is free to weigh the evidence and to make its own findings of fact. It may not weigh the evidence on a motion for directed verdict or for judgment notwithstanding the verdict in a jury case and is limited to decid-

*Plans, Inc.*, 611 F.2d 474 (3rd Cir.1979) (Rule 50(a), FRCivP, motion for directed verdict was inappropriate; however, plaintiff was not prejudiced because satisfaction of Rule 50(a) standard would imply satisfaction of Rule 41(b), FRCivP, standard).

Based on these authorities, we are satisfied that both a motion for a directed verdict and for a judgment notwithstanding a verdict are improper motions in a bench trial.

However, Collins alternatively moved for a new trial and we must determine if the trial court erred in denying his motion for a new trial.

■ Whenever a party appeals from an order denying a new trial, the review in this Court is limited to the grounds asserted for a new trial which were presented to the lower court. *Davis v. Davis*, 268 N.W.2d 769 (N.D.1978).

In this instance, the only issue presented to the district court by Collins in his brief in support of his motion for a new trial was whether or not the evidence was sufficient to support the decision that the corporation was the alter ego of Richard Collins. Consequently, our review is limited to this question.

■ A motion for a new trial based upon insufficiency of the evidence is addressed to the trial court's sound discretion and will not be disturbed on appeal in the absence of an abuse of discretion. *Scientific Application, Inc. v. Delkamp*, 303 N.W.2d 71 (N.D. 1981); *Wall v. Pennsylvania Life Ins. Co.*, 274 N.W.2d 208 (N.D.1979).

We have defined an abuse of discretion as an action by the lower court in an arbitrary,

unreasonable or unconscionable manner. *E.g., Coulter v. Coulter*, 328 N.W.2d 232 (N.D.1982).

■ In this respect, Richard Collins testified in his deposition, which was partially read into evidence at trial, that UBE was not a corporation. He stated, "We are not a corporation. I don't care what the Secretary of State says."

The trial court found that Richard Collins was the sole owner of the corporation, received the sole benefit of the corporation, and considered it as a sole proprietorship, thereby becoming personally liable for the debts and obligations of the corporation, including the lease with Larson. The record supports this finding.

After a careful review of the record, and keeping in mind the nature of the appeal, we are satisfied the trial court did not act arbitrarily, unreasonably, or unconscionably in denying the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and therefore did not abuse its discretion.

The order of the trial court denying the motion for judgment notwithstanding the verdict or for a new trial is affirmed.

ERICKSTAD, C.J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

---

ing whether there is evidence on which reasonable men could find for the party opposing the motion."