1999 ND 246

**Kelvin AUS, Plaintiff and Appellant,**

v.

**Tommie "Jane" CARTER, n/k/a Tommie "Jane" Thiel, Defendant and Appellee.**

**No. 990101.**

Supreme Court of North Dakota.

Dec. 23, 1999.

Kelvin Aus, pro se, Minot, ND, for plaintiff and appellant.

Robert S. Thomas, Thomas & Thomas, Minot, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Kelvin Aus appeals the trial court's denial of his motion for a new trial based on newly discovered evidence under N.D.R.Civ.P. 59(b)(4). We hold the trial court erred in failing to treat the motion for a new trial to re-examine the issue of custody as a motion for a change in custody, and the trial court abused its discretion in not considering the factors created in *Stout v. Stout*, 1997 ND 61, 560 N.W.2d 903, for determining whether a new trial should be granted to re-examine the issue of the custodial parent's move. We reverse and remand for further proceedings.

I.

[¶ 2] Kelvin Aus and Tommie "Jane" Carter[1] lived together from about December 1993 to about November 1995. They never married but did have a daughter, Katelin. She was born on July 7, 1994. Katelin has lived with Tommie since Kelvin and Tommie's relationship ended in about November 1995. Tommie is now married to Jim Thiel.

[¶ 3] In March 1996, Kelvin sued for custody of Katelin and for child support from Tommie. Tommie also sought an award of custody and child support. Prior to trial, Kelvin and Tommie agreed Tommie would have primary physical custody of Katelin and Kelvin would pay $100 per month in child support until a trial could be held. An interim order incorporating their agreement was entered in January 1997.

[¶ 4] On June 10, 1998, trial was held. The trial court found: Kelvin owed $18,654 in child support arrearage due for other children in his former wife's custody; Kelvin had no contact with his children from his marriage for 15 years after the divorce; Kelvin has paid no child support for Katelin during the last year; Tommie is married to Jim Thiel and has secured a job in Missouri; Tommie's extended family lives near the Missouri–Arkansas border; Katelin has lived with Tommie for her entire life; and Tommie has been the primary caretaker for Katelin during Katelin's lifetime. The trial court analyzed the factors set forth under N.D.C.C. § 14–09–06.2 and determined: the capacity and disposition of the parents to give love, affection and guidance and to continue the child's education favored Tommie because she has been the primary caregiver; the capacity and disposition of the parents to provide food, clothing, medical care, and other care favored Tommie because Kelvin's history indicates he has not provided for Katelin or for his children from his marriage; the length of time that Katelin has lived in a stable environment favored Tommie; and the permanence of the existing home favored Tommie because Tommie and Katelin have lived together for all of Katelin's life. The trial court awarded Tommie custody of Katelin, permitted Tommie to move with Katelin to Missouri, and granted visitation to Kelvin. The judgment was entered on July 16, 1998.

[¶ 5] In September 1998, Kelvin moved for a new trial, citing N.D.R.Civ.P. 59(b)(3)-(6). The trial court denied Kelvin's motion, reasoning Kelvin provided no evidentiary support.

[¶ 6] Kelvin again moved for a new trial on November 17, 1998. In support of his motion, he asserted Tommie had presented a forged letter to the court during the June trial. The letter indicated Tommie had secured employment with a business in Missouri. Kelvin alleged Tommie forged the letter and the letter was newly discovered evidence material to the decision under N.D.R.Civ.P. 59(b)(4).

[¶ 7] In considering the motion, the trial court acknowledged "[t]he letter was false and misleading" and "Tommie may have known it was false." However, reasoning the false letter did not affect its best inter-

1. Tommie is now known as Tommie Thiel.

est analysis and it "would have allowed the move without the letter," the trial court rejected Kelvin's assertion the letter was newly discovered evidence material to the decision. On February 11, 1999, the trial court issued a memorandum opinion and order, denying Kelvin's motion for a new trial. Kelvin appealed.

## II.

[¶ 8] Because the trial court's original judgment both awarded custody of Katelin to Tommie and permitted Tommie to move with Katelin to Missouri, the trial court's denial of Kelvin's motion for a new trial raises two issues. For our purposes, Kelvin's motion will be treated as two distinct motions, one to re-examine the award of custody and one to re-examine the permission to move.

## A.

[¶ 9] Kelvin contends the trial court erred in not granting a new trial to re-examine the issue of custody because the false letter illustrates Tommie's deceitful nature and lack of parental fitness which is a relevant factor for determining a child's best interests under N.D.C.C. § 14–09–06.2(1)(f).

[¶ 10] In *Lovin v. Lovin*, 1997 ND 55, ¶¶ 12–13, 561 N.W.2d 612, we indicated a party's motion for a new trial based on newly discovered evidence in a custody case must be treated as a motion for change of custody.[2] We explained a motion for a new trial based on newly discovered evidence in a custody case is improper because the trial court has continuing jurisdiction to modify custody when new evidence arises. *Id.* at ¶ 13.

[¶ 11] Under N.D.C.C. § 14–09–06.6, a party's right to move for a change of custody is limited.[3] The statute provides:

1. Unless agreed to in writing by the parties, no motion to modify a custody order may be made earlier than two years after the date of entry of an order establishing custody, except in accordance with subsection 3.

. . . .

3. The time limitation in subsections 1 and 2 does not apply if the court finds:

a. The persistent and willful denial or interference with visitation;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The primary physical care of the child has changed to the other parent for longer than six months.

[¶ 12] Further, a court's power to modify custody is limited. Under N.D.C.C. § 14–09–06.6(5):

The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

a. The persistent and willful denial or interference with visitation;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The primary physical care of the child has changed to the other parent for longer than six months.

[¶ 13] Here, the trial court failed to explicitly treat a motion for a new trial based on newly discovered evidence in a custody case as a motion for a change of custody. By not treating the motion as one for a change of custody, the trial court never indicated whether any of N.D.C.C. § 14–09–06.6(5)'s three exceptions are applica-

2. The parties did not cite *Lovin* in their appellate briefs or at oral argument. The record also shows a failure to cite *Lovin* in documents submitted to the trial court.

3. Section 14–09–06.6, N.D.C.C., came into effect after *Lovin*.

ble.[4] The trial court appeared to merely apply N.D.R.Civ.P. 59(b)(4)'s test for determining whether a new trial should be granted; the trial court found the letter did not affect the outcome of the best interest analysis and concluded "[t]hat Tommie may have participated in giving untrue evidence to the Court is not newly discovered·evidence material to the party making the application."

[¶ 14] The trial court's failure to treat the motion as one for change of custody may have prejudiced Kelvin. A parent's intentional presentment of false evidence to a court of law could be relevant to a child's best interest under N.D.C.C. § 14–09–06.6(5). If a party tries to deceive a court by presenting false evidence, the party's motives should be considered. The party's deception could involve a "persistent and willful denial or interference with visitation," N.D.C.C. § 14–09–06.6(5)(a); it may involve evidence of an "environment [that] may endanger the child's physical or emotional health or impair the child's emotional development." N.D.C.C. § 14–09–06.6(5)(b). Although it may be implied the trial court determined the false and misleading letter presented no circumstances requiring modification to serve the best interest of the child under N.D.C.C. § 14–09–06.6(5), we decline to make such assumption when it is clear the trial court was applying a standard applicable to the procedural rules rather than the statute. We remand so the trial court may apply the test provided by N.D.C.C. § 14–09–06.6(5) and make the necessary findings. The trial court may determine whether the existing record is sufficient or if additional testimony is necessary to make the findings.

### B.

[¶ 15] Kelvin asserts the trial court erred in not granting a new trial to re-

examine the issue of whether the move was in Katelin's best interests; in support he contends Tommie's false letter was newly discovered material evidence under N.D.R.Civ.P. 59(b)(4).

[¶ 16] A motion for a new trial to re-examine a custodial parent's move is governed by N.D.R.Civ.P. 59. Rule 59(b)(4), N.D.R.Civ.P., provides a new trial may be granted in an instance involving the discovery of new evidence:

The former verdict or other decision may be vacated and a new trial granted on the application of a party aggrieved for any of the following causes materially affecting the substantial rights of the party:

Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial[.]

[¶ 17] In *McAdoo v. McAdoo,* 492 N.W.2d 66, 68 (N.D.1992) (citations omitted), we explained the requirements that must be satisfied before a motion for a new trial under N.D.R.Civ.P. 59(b)(4) will be granted:

(1) the evidence must have been discovered following trial; (2) the movant must have exercised due diligence in discovering the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material and admissible; and (5) the evidence must be such that a new trial would probably produce a different result.

[¶ 18] In *Larson v. Unlimited Business Exchange of North Dakota, Inc.,* 330 N.W.2d 518 (N.D.1983), we identified the standard of review for a denial of a motion for a new trial after a bench trial. Reversal is not warranted unless the trial court abused its discretion in denying the

---

**4.** The motion for a new trial was made within two years of the judgment establishing custody; the custody judgment was entered on July 16, 1998, and the motion for a new trial was made on November 16, 1998. Accordingly, the trial court's review is governed by N.D.C.C. § 14–09–06.6(5).

motion. *Id.* at 521. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or if it misinterprets or misapplies the law. *Security Nat'l Bank, Edgeley v. Wald*, 536 N.W.2d 924, 928 (N.D.1995).

[¶ 19] Kelvin argues the trial court erred because the letter is material evidence under the *Stout* factors for determining whether a custodial parent's move is in the child's best interests. In *Stout v. Stout*, 1997 ND 61, 560 N.W.2d 903, we established four factors to be considered in determining what is in the child's best interests in the context of a custodial parent's request to move out of state. Those factors are: (1) the prospective advantages of the move in improving the custodial parent's and child's quality of life; (2) the integrity of the custodial parent's motives for relocation; (3) the integrity of the noncustodial parent's motives for opposing the move, particularly the extent such opposition is intended to secure a financial advantage with respect to continuing child support; and (4) the potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation. *Stout v. Stout*, 1997 ND 61, ¶ 19, 560 N.W.2d 903; *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144 (clarifying the fourth *Stout* factor).

[¶ 20] Although the trial court indicated the false letter did not affect its decision to allow the move, the trial court failed to consider the proper test for determining whether the move was in Katelin's best interests. In its memorandum decision, the trial court simply concluded "[i]n view of the family that Tommie has in Missouri and the length of time that she and Katelin have live[d] there, I decline to change that portion of my order allowing

Tommie to change Katelin's residence." The trial court did not refer to or apply the *Stout* factors. At the hearing for a new trial, Kelvin raised the *Stout* factors and began to argue their applicability, but the trial court cut him off, opining the standard for determining whether to allow a custodial parent to move is "if the mother wants to leave she can go unless you can prove that she's leaving purely to foil visitation." This is a clear misstatement of the law on relocation under *Stout* and its progeny.

[¶ 21] The trial court's failure to apply the proper test prejudiced Kelvin. The letter involved Tommie's out of state employment and is relevant to application of the *Stout* factors. Whether a custodial parent has secured employment should be considered under the first *Stout* factor, the prospective advantages of the move in improving the custodial parent's and child's quality of life. Given the trial court initially found "[Tommie] and her husband have jobs in Rolla, Missouri on July 1st, 1998, and plan to move there," the letter may also be relevant to the integrity of Tommie's motives for the move, the second *Stout* factor. The *Stout* factors are tailored to the unique context of a custodial parent's request to move out of state. A best interest analysis under N.D.C.C. § 14–09–06.2(1) is not a substitute for application of the *Stout* factors.

[¶ 22] Because the trial court did not consider the *Stout* factors in deciding Kelvin's motion for a new trial, we hold the trial court abused its discretion. *See Security Nat'l Bank, Edgeley v. Wald*, 536 N.W.2d 924, 928 (N.D.1995). On remand, the trial court must review the motion for a new trial considering whether Tommie's introduction of false and misleading evidence requires a different result when properly applying the *Stout* factors. The trial court may determine whether the existing record is sufficient or if additional testimony is necessary to make the findings.

III.

[¶ 23] Because the trial court erred in failing to treat the motion for a new trial on the custody issue as a motion for a change of custody and because the trial court failed to consider the *Stout* factors in considering the motion for a new trial on the issue of moving the child out of state, we reverse and remand for further proceedings consistent with this opinion.

[¶ 24] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.

SANDSTROM, concurring.

I concur in the result.