2006 ND 59

**Joan M. THOMAS, Plaintiff and Appellee**

and

**Brittany M. STONE and Megan M. Stone, Plaintiffs**

v.

**Wendy A. Stone, Defendant and Appellant.**

**No. 20050269.**

Supreme Court of North Dakota.

March 29, 2006.

Todd W. Foss, Stefanson, Plambeck & Foss, Moorhead, MN, for plaintiff and appellee.

Thomas D. Fiebiger and Sara K. Sorenson (on brief), Ohnstad Twichell, P.C., Fargo, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Wendy A. Stone, the surviving spouse of Michael Stone, appeals from a judgment declaring that Michael Stone's former wife, Joan M. Thomas, was entitled to one-half of the proceeds from a life insurance policy provided by his employer. We conclude the plain and unambiguous language of a divorce decree entitles Thomas to one-half of the insurance proceeds, and we affirm.

I

[¶ 2] Michael Stone and Thomas were divorced in 1995 under a decree that incorporated their custody and property settlement agreement, granted Thomas custody of the parties' two minor daughters, Brittany and Megan Stone, and required Michael Stone to pay Thomas child and spousal support. The divorce decree required Michael Stone to pay Thomas $2,556 per month in child support until the oldest daughter turned 18 or graduated from high school and thereafter decreased his child support obligation to the then effective guideline amount for one child until the youngest daughter turned 18 or graduated from high school. The decree initially required Michael Stone to pay Thomas $800 per month in spousal support for 12 months and then $500 per month for an additional 24 months.

[¶ 3] Relevant to the claim for the life insurance proceeds, the divorce decree provided:

*Life Insurance.* Michael [Stone] has certain life insurance provided by his employer, MeritCare Medical Systems. Joan [Thomas] shall remain a beneficiary on one-half of such insurance so long as Michael [Stone] remains obligated by the terms of this stipulation to provide child or spousal support to Joan [Thomas]. Michael [Stone] shall make the children beneficiaries of the remaining one half of the policy. Joan [Thomas] is the owner of a $10,000 term life policy. Joan [Thomas] shall retain Michael [Stone] as a beneficiary on that policy until the children reach the age of majority or are emancipated.

[¶ 4] In July 1996, Michael Stone executed an enrollment form for a $250,000 basic life insurance policy provided by his employer, MeritCare. The enrollment form designated Thomas as a beneficiary for one-half of the policy and his two daughters as joint beneficiaries for the other half of the policy. Michael Stone thereafter married Wendy Stone, and in 1998, he designated her as the beneficiary for the entire life insurance policy provided by MeritCare. In 2002, after the oldest daughter had turned 18 and graduated from high school, Michael Stone and Thomas agreed to an amended judgment that reduced his child support obligation to $1,538 per month, but did not change the

life insurance provision. Because they shared custody of their youngest daughter, Thomas and Michael Stone also entered into a "side agreement" that Thomas would refund $738 per month in child support to him, leaving him with an $800 per month net child support obligation to Thomas.

[¶ 5] Michael Stone died on July 8, 2004. When he died, his spousal support obligation had terminated and his child support obligation was scheduled to terminate in August 2004, the date of his last scheduled child support payment for his youngest daughter. When Michael Stone died, Thomas had not yet reimbursed him under the "side agreement" for child support for July 2004, and after an offset for his August 2004, obligation, his net remaining child support obligation was $62.

[¶ 6] The insurer deposited the insurance proceeds with the district court, and Thomas, Brittany Stone, and Megan Stone sued Wendy Stone for a declaration of their rights to the proceeds. The parties agreed there were no factual disputes and submitted the case to the court on the record. The court granted judgment for Thomas and the daughters, concluding the property settlement agreement and divorce decree clearly and unambiguously entitled Thomas to one-half of the insurance proceeds and the daughters to the other half of the proceeds.

## II

[¶ 7] In the district court and on appeal, Wendy Stone does not challenge the daughters' claim to one-half of the insurance proceeds. Wendy Stone argues, however, the court erred in determining Thomas was entitled to the other one-half of the proceeds, because the divorce decree required Michael Stone to designate Thomas as a beneficiary as security for his child support obligation and he had only

one child support payment in the net amount of $62 remaining at the time of his death. Wendy Stone argues Thomas is only entitled to $62 in proceeds from the insurance policy. Wendy Stone argues awarding Thomas one-half of the insurance proceeds would give her an unintended and inequitable windfall, because the divorce decree required her to be designated as a beneficiary only for so long as Michael Stone's support obligation remained. Thomas responds the clear and unambiguous language of the divorce decree controls and entitles her to one-half of the proceeds.

[¶ 8] In *Peters–Riemers v. Riemers,* 2002 ND 72, ¶ 28, 644 N.W.2d. 197, this Court recognized a district court may order a child support obligor to maintain a life insurance policy under N.D.C.C. § 14–08.1–03 as security for court ordered child support payments. However, *Riemers* involved the authority of a district court to require an obligor to maintain life insurance; it did not involve competing claims to the proceeds from a policy. Here, the parties agreed to a life insurance provision and a conforming judgment was entered, so we look only to terms of that judgment. This Court's decision in *Riemers* does not control the disposition of the life insurance proceeds.

[¶ 9] Generally, insureds are free to designate beneficiaries in their life insurance policies, and the designated beneficiaries are entitled to the proceeds on the death of the insured. 4 Lee R. Russ and Thomas F. Segalla, *Couch on Insurance* § 59:1 (3d ed.2005); 44A Am.Jur.2d *Insurance* § 1677 (2003). However, an insured's right to designate beneficiaries may be limited by agreements or court orders relating to marital and family rights. 4 Russ, *Couch on Insurance, supra* §§ 59:1, 59:3, and 64:18; 44A Am. Jur.2d, *supra* § 1683; John J. Michalik,

Annotation, *Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child,* 59 A.L.R.3d 9, § 2 (1974).

[¶ 10] In *Nunn v. Equitable Life Assur. Soc'y,* 272 N.W.2d 780, 781 (N.D. 1978), this Court considered a claim by an insured's surviving wife against his former wife for proceeds of a group life insurance policy. During their marriage, the insured had designated his former wife as the beneficiary of the group life insurance policy. *Id.* The insured and his former wife both remarried after their divorce, and the insured did not thereafter change the beneficiary on his life insurance policy. *Id.* After the insured died, his surviving wife sought to have herself declared the beneficiary of the life insurance policy. *Id.* This Court affirmed a judgment declaring the former wife the beneficiary. *Id.* This Court recognized the general rule that the named beneficiary of an insurance policy is controlling, but that beneficiaries may contract away their interest in a policy through a separation or property settlement agreement even if the beneficiary is not formally changed. *Id.* at 782–83. This Court also recognized the general rule that a specific award of an insurance policy to a husband in a property settlement agreement or final divorce decree terminates the wife's interest in the proceeds, notwithstanding the husband's failure to change the designation of a beneficiary. *Id.* at 783. This Court's decision in *Nunn* recognizes the language of a divorce judgment may control the designation of a beneficiary in a life insurance contract.

[¶ 11] In *Sullivan v. Quist,* 506 N.W.2d 394, 399 (N.D.1993), this Court explained that once a settlement agreement is merged into a divorce decree, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties. In *Quist,* this Court explained principles for interpreting judgments:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the court. If the language used in a judgment is ambiguous there is room for construction, but if the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." The judgment "should be so construed as to give effect to each and every part of it, and bring all the different parts into harmony as far as this can be done by fair and reasonable interpretation." "A judgment, plain and unambiguous in its terms, may not be modified, enlarged, restricted, or diminished by reference to the" Findings of Fact.

506 N.W.2d at 401 (internal citations omitted) (quoting *Henry S. Grinde Corp. v. Klindworth,* 77 N.D. 597, 613–14, 44 N.W.2d 417, 427–28 (1950) (on petition for rehearing)).

[¶ 12] Here, the language of the divorce decree clearly and unambiguously provides that "Joan [Thomas] shall remain a beneficiary on one-half of such insurance so long as Michael [Stone] remains obligated by the terms of this stipulation to provide child or spousal support to Joan." The decree specifically required Michael Stone to name Thomas as a beneficiary of the life insurance policy for "so long as [he] remains obligated" to provide her child support. The designation of Thomas as beneficiary was not limited to the amount of life insurance proceeds to which she would be entitled, or to the amount of unpaid support; rather the designation limits only the period of time during which she is entitled to be named a beneficiary. *See*

*Kelly v. Medical Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411, 413 (1987) (interpreting similar language to limit only the period of time during which parties entitled to be named beneficiaries). Although Michael Stone and Thomas could have agreed that any entitlement to the proceeds of the insurance policy was limited to the amount of unpaid support, they did not. *See Boumont v. Boumont*, 2005 ND 20, ¶ 9, 691 N.W.2d 278 (stating, in different context, if different result intended, it is incumbent to clearly express intent in stipulation and divorce judgment).

[¶ 13] Based on plain language of the judgment, we decline Wendy Stone's invitation to apply equitable principles to reach a different result. We are bound to follow the divorce decree that unambiguously entitles Thomas to one-half of the proceeds "so long as Michael [Stone] remains obligated ... to provide child or spousal support to Joan" Thomas. Because it is undisputed that Michael Stone remained obligated to provide child support to Thomas at the time of his death, we agree with the district court that Thomas is entitled to one-half of the insurance proceeds under the unambiguous language of the divorce judgment.

### III

[¶ 14] We affirm the judgment.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.