Filed 7/25/07 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2007 ND 124

John M. Silbernagel and Tom Silbernagel, Plaintiffs and Appellants

v.

Stephen Silbernagel a/k/a Steve Silbernagel

and Jane Silbernagel a/k/a Jane V. Silbernagel, Defendants and Appellees

No. 20060037

Appeal from the District Court of Logan County, South Central Judicial District, the Honorable John E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Donavin L. Grenz, P.O. Box 637, Linton, N.D. 58552-0637, for plaintiffs and appellants.

Joseph J. Cichy, 115 North 4th Street, Suite 2, Bismarck, N.D. 58501, for defendants and appellees.

Silbernagel v. Silbernagel

No. 20060037

Sandstrom, Justice.

[¶1] John M. Silbernagel and Tom Silbernagel appeal from a judgment dismissing their breach of contract action against Stephen Silbernagel and Jane Silbernagel involving a settlement agreement reached in a lawsuit over the estate of John P. Silbernagel.  We conclude the district court did not err in refusing to allow the introduction of parol evidence to vary the terms of the parties’ settlement agreement.  We further conclude that the court’s findings of fact are sufficiently specific to apprise this Court of the reasoning and rationale for its decision, and that those findings are not clearly erroneous.  We affirm and impose sanctions against John M. and Tom Silbernagel, and their attorney, for violating N.D.R.App.P. 30.

I

[¶2] John P. Silbernagel, who died in 2003, was the father of John M., Tom, and Stephen Silbernagel.  A dispute arose between the brothers over land owned by John P. Silbernagel and his mother, Marcella Silbernagel, who died in 1983 but whose estate had not been probated or settled.  Stephen Silbernagel, who had been farming the land, was named the beneficiary of “any interest I have in agricultural real estate” in John P. Silbernagel’s will.  John M. and Tom Silbernagel sued Stephen and Jane Silbernagel over the right to the property.  On October 19, 2004, after jury selection had started, the parties entered into a settlement agreement, which was read into the record by Stephen and Jane Silbernagel’s attorney:

Okay the agreement is that my clients Steve and Jane Silbernagel will pay to the plaintiffs $150,000.  There will be a reasonable time given to my clients to secure the financing for that.  In exchange for that the plaintiffs will release any and all interests they have in the estate of John P. and the estate of Marcella to Steve.  They will release any and all interests in the FSA payment to Steve.  My clients Steve and Jane will pay the debts associated with the administrator of the estate of John P. which includes Malcolm Brown and the personal representative Bill Chaussee, with the exception of $3500 to the nursing home.  That will be $3500, the equivalent of or value of will be responsible by the plaintiffs.  Also, in exchange for that, if a quiet title action is required to clear title on Marcella’s property the plaintiffs will agree to cooperate with that to the fullest extent necessary that’s required.  If Jane and Steve should ever elect to sell the property, any of the property, they will give the plaintiffs the first option to purchase.

 

[¶3] On December 17, 2004, Stephen and Jane Silbernagel’s attorney wrote a letter to one of John M. and Tom Silbernagel’s attorneys informing him that Stephen and Jane Silbernagel had been in contact with their bank in an attempt to obtain a $150,000 loan, and they were informed they could not obtain financing until the title to all of the property had been cleared.  A December 17, 2004, letter from the bank to Stephen and Jane Silbernagel was enclosed with the correspondence and stated in part:

Due to the amount of the loan request, First Community Credit Union would need to secure the debt with a first mortgage position on said real estate.  Following standard lending practices, First Community Credit Union will need an updated abstract on all said property to enable us to have a preliminary title opinion conducted.  The preliminary title opinion will be performed by appropriate legal representation chosen by the credit union.  This legal representation will need to have the warranty deed and any other documentation in their possession at closing to insure a clear title transfer and a valid mortgage.  Loan funds will not be able to be disbursed until loan closing at which time conditions stated within are met.

 

Stephen and Jane Silbernagel’s attorney also informed John M. and Tom Silbernagel’s attorney that she had prepared complaints for quiet title actions in Logan and Kidder counties concerning the property and asked that she be allowed to review the quit claim deeds that their attorney prepared relinquishing any interests they may have in the property.

[¶4] After the quiet title actions began, John M. and Tom Silbernagel resisted and contested the actions.  In March 2005, they also brought this breach of contract action against Stephen and Jane Silbernagel.  They alleged Stephen and Jane Silbernagel breached the settlement agreement by “insisting that additional terms and conditions be added to the agreement” and “by refusing and neglecting to pay” them the $150,000 “within a reasonable time,” which they alleged was within 90 to 120 days after October 19, 2004.  They sought a judgment for $150,000 “plus interest thereon as allowed by law.”  In their answer to the complaint, Stephen and Jane Silbernagel alleged that a term in the settlement agreement concerning bequests was not recited onto the record.  They also asserted that they “have at all times stood ready, willing and able to perform their obligations under the terms and conditions of the agreement” and “any delay in satisfying the terms of the agreement has been caused and is the responsibility of the plaintiffs.”

[¶5] John M. and Tom Silbernagel’s attorney subsequently prepared findings, conclusions, and a judgment for the action, which resulted in the parties’ settlement agreement.  The judgment was entered on April 29, 2005, and the findings of fact set forth the terms of the settlement agreement:

a. In full settlement of the pending actions, Steve and Jane Silbernagel will pay to John M. Silbernagel and Tom Silbernagel the sum of $150,000.00.

b. Steve and Jane Silbernagel will be given a reasonable period of time within which to secure financing to make the $150,000.00 payment.

c. In exchange for the $150,000.00 payment, John M. Silbernagel and Tom Silbernagel release to Steve Silbernagel any and all interests which they have in the estates of John P. Silbernagel and Marcella Silbernagel, including their interests in the George Silbernagel Estate arising from the Marcella Silbernagel Estate, including but not limited to FSA payments pertaining to the real property in question.

d. Steve and Jane Silbernagel will pay all debts and costs associated with the administration of the Estate of John P. Silbernagel, Deceased, including fees charged by William (Bill) Chaussee, the personal representative, and his attorney, Malcolm Brown, except for the sum of $3,500.00 owed to the Nursing Home for John P. Silbernagel’s care, which John M. Silbernagel and Tom Silbernagel agree to assume responsibility to pay to the Nursing Home from the $150,000 payment received from Steve and Jane Silbernagel.

e. Parties agreed that should a quiet title action be necessary to clear title on the lands involved in the Marcella Silbernagel estate, John M. Silbernagel and Tom Silbernagel will cooperate with said action to the fullest extent necessary by releasing their respective interests therein.

f. Parties agreed that Plaintiffs shall receive the deer head from the home of John P. Silbernagel and the parties agreed to work amongst themselves to divide pictures and personal effects belonging to John P. and Lorraine P. Silbernagel.

g. Should Steve or Jane Silbernagel ever elect to sell all or any portion of the land involved in this action . . . Plaintiffs, John M. Silbernagel and Tom Silbernagel shall have first option to purchase the same.

 

[¶6] In the meantime, John M. and Tom Silbernagel prepared quit claim deeds, but they were not accepted by Stephen and Jane Silbernagel because the deeds did not describe all of the subject property.  In June 2005, Stephen and Jane Silbernagel received another letter from the bank stating that their $150,000 loan application had been approved subject to “a clear title transfer to allow a valid mortgage,” and again specifying, “[l]oan funds will not be able to be disbursed until loan closing at which time conditions stated therein are met.”  Their attorney sent John M. and Tom Silbernagel’s attorney a copy of the bank’s letter and informed him:

In order to move this matter along, I would suggest that after you have prepared the additional Quit Claim Deeds to include 
all
 of the real property in question, that you have your clients sign them.  I would then propose that we designate an individual/agency to function as an escrow agent so that the matter can be closed in escrow.  Once the necessary Quit Claim Deeds and/or the Quiet Title Judgment regarding individuals signing the Quit Claim Deeds have been filed, this matter should be able to close.  Although I am not involved in the Quiet Title Action, I am informed by Ms. Zimmerman that that case is moving forward and Judgment should be entered shortly.

 

John M. and Tom Silbernagel’s attorney responded with a letter stating the quit claim deeds would not be delivered and recorded unless his clients received the “sum of $150,000.00 plus interest thereon at 6% interest commencing from and after February 16, 2005.”  Stephen and Jane Silbernagel refused the request.

[¶7] Following an August 10, 2005, trial on John M. and Tom Silbernagel’s breach of contract claim, the district court dismissed the action.  The court concluded:

A contract requires the contracting parties to perform their respective obligations.  The Court does not find that John M. and Tom Silbernagel, and Steve and Jane Silbernagel have overtly failed to perform on the contract, but the Court does find that each has not completed conditions required of them to allow the contract to be fulfilled.  Steve Silbernagel and Jane Silbernagel have inserted a condition (withdrawn at the time of trial as an allegation of their Answer to the plaintiff’s complaint) that was not part of the agreement regarding the interests of other heirs.  John M. Silbernagel and Tom Silbernagel likewise have claimed that they are due interest when it was not part of the settlement agreement, and they have not assisted, or may even have hindered, Steve and Jane Silbernagel’s attempt to quiet title of the involved real estate.

While this action is not one to enforce the settlement contract, it is clear that the settlement agreement has not been completed as was stipulated due to the fault of both parties. . . . 

John M. and Tom Silbernagel have brought this action seeking damages in the sum of $150,000 for breach of the settlement contract.  Their actions have not allowed Steve and Jane Silbe[r]nagel to perform their contractual obligations.  John M. and Tom Silbernagel’s action must be dismissed for that reason.

 

[¶8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and 
N.D.C.C. §
 27-05-06.  The appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and 
N.D.C.C. §
 28-27-01.

II

[¶9] John M. and Tom Silbernagel argue the district court erred in refusing to permit the introduction of parol evidence to clarify parts of the settlement agreement “which were not recited into the court record.”  The court sustained objections based on the parol evidence rule to questions intended to elicit testimony that the $150,000 was supposed to be paid within 90 to 120 days after the settlement agreement was reached and that interest was intended to accrue on the $150,000 debt.

[¶10] We note at the outset that this case was tried as a breach of contract action.  After the action was commenced, a judgment was entered in the proceedings, resulting in the settlement agreement.  Once a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties.  
See
 
Thomas v. Stone
, 2006 ND 59, ¶ 11, 711 
N.W.2d
 199; 
Sullivan v. Quist
, 506 
N.W.2d
 394, 399 (N.D. 1993).  Although the district court should have treated this case as an action on the judgment, the rules for interpreting judgments mirror the rules for interpreting contracts.  
Compare
 
Thomas
, at ¶ 11 (interpretation of judgments) 
with
 
Van Valkenburg v. Paracelsus Healthcare Corp.
, 2000 ND 38, ¶ 20, 606 
N.W.2d
 908 (interpretation of contracts).  Furthermore, extrinsic evidence of the parties’ intent may be considered when a stipulation is incorporated into a judgment if, after an examination of the judgment, the stipulated language is ambiguous and the incorporating court’s intent cannot be determined.  
Webster v. Regan
, 2000 ND 89, ¶ 8, 609 
N.W.2d
 733; 
Webster v. Regan
, 2000 ND 18, ¶ 7, 605 
N.W.2d
 808.  Under the circumstances, the court’s treatment of this case as a contract action as presented by the parties rather than as an action on the judgment is harmless error.

[¶11] The parol evidence rule is partially codified in 
N.D.C.C. §
 9-06-07:

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

 

[¶12] In 
Evenson v. Quantum Indus., Inc.
, 2004 ND 178, ¶ 11, 687 
N.W.2d
 241 (internal citations omitted), this Court explained:

The parol evidence rule is a rule of substantive law and precludes the use of evidence of prior oral negotiations and agreements to vary or add to the terms expressed in the written contract.  All preliminary negotiations, conversations, and verbal agreements are merged into and superseded by the subsequent written contract.  The rule is founded on experience and public policy, created by necessity, and designed to give certainty to a transaction that has been reduced to writing by protecting the parties against the doubtful veracity and uncertain memory of interested witnesses.

 

A court may look to parol evidence of intent when the written contract is ambiguous, or when it does not reflect the parties’ intent because of fraud, mistake, or accident.  
See
 
Jorgensen v. Crow
, 466 
N.W.2d
 120, 123 (N.D. 1991).  The parol evidence rule also does not preclude proof of the existence of a separate oral stipulation or agreement concerning any matter on which the written contract is silent, and which is not inconsistent with its terms, if the court infers from the circumstances that the parties did not intend the document to be a complete and final statement of the entire transaction.  
WFND, LLC v. Fargo Marc, LLC
, 2007 ND 67, ¶ 39, 730 
N.W.2d
 841; 
Delzer v. United Bank
, 459 
N.W.2d
 752, 755 (N.D. 1990).  The decision to admit parol evidence is a determination of law and is fully reviewable on appeal.  
See
 
Jorgensen
, 466 
N.W.2d
 at 123.

[¶13] Here, John M. and Tom Silbernagel have not alleged fraud, mistake, or accident, or the existence of a separate oral agreement on which the settlement agreement is silent.  Although they allege the settlement agreement is ambiguous because it does not set forth a specific time within which the $150,000 was to be paid to them, the settlement agreement does provide Stephen and Jane Silbernagel “a reasonable period of time within which to secure financing to make the $150,000.00 payment.”  The record establishes that Stephen and Jane Silbernagel have an approved loan from a bank for $150,000 subject to their providing evidence of clear title to the property, which would be used to secure the mortgage for the loan.  The inability of Stephen and Jane Silbernagel to provide evidence of clear title to the property is due in part to the failure of John M. and Tom Silbernagel to provide quit claim deeds to the property and their resistence to the quiet title actions.  The attempt of John M. and Tom Silbernagel to present parol evidence that a specific number of days would be allowed to make the payment regardless of their efforts to thwart Stephen and Jane Silbernagel’s financing for the loan would directly conflict with the settlement agreement provision allowing Stephen and Jane Silbernagel “a reasonable period of time within which to secure financing to make the $150,000.00 payment.”

[¶14] Moreover, John M. and Tom Silbernagel’s attempt to introduce parol evidence that interest was intended to accrue on the $150,000 debt would vary and contradict the terms of the settlement agreement.  The agreement succinctly provides that “[i]n full settlement of the pending actions, Steve and Jane Silbernagel will pay to John M. Silbernagel and Tom Silbernagel the sum of $150,000.00.”  Adding accrued interest would contradict the clear payment obligation of $150,000.

[¶15] We conclude the district court did not err in disallowing the introduction of parol evidence to vary the terms of the settlement agreement.

III

[¶16] John M. and Tom Silbernagel argue the district court erred in denying their motion to amend the findings “to clarify and specify facts upon which it concluded that” they “had not performed their part of the settlement agreement to entitle them to recover damages from Steve and Jane Silbernagel, for their breach of the settlement agreement.”

[¶17] A district court’s findings should be stated with sufficient specificity to enable a reviewing court to understand the factual basis for the decision.  
See
 
Eifert v. Eifert
, 2006 ND 240, ¶ 6, 724 
N.W.2d
 109.  In ruling there was no breach of the settlement agreement, the district court relied on 
N.D.C.C. §
 9-01-16, which provides in part:

Before any party to an obligation can require another party to perform any act under it, that party shall fulfill all conditions precedent thereto imposed upon that party and must be able, and shall offer, to fulfill all conditions concurrent so imposed upon that party on the like fulfillment by the other party, . . .

 

[¶18] We can understand the factual basis for the court’s decision.  The court specifically stated that John M. and Tom Silbernagel “have not assisted, or may even have hindered, Steve and Jane Silbernagel’s attempt to quiet title of the involved real estate,” and that “[t]heir actions have not allowed Steve and Jane Silbe[r]nagel to perform their contractual obligations.”  Stephen and Jane Silbernagel’s primary obligation under the settlement agreement is to pay John M. and Tom Silbernagel $150,000.  The record unequivocally shows that John M. and Tom Silbernagel knew that Stephen and Jane Silbernagel needed a loan to make that payment, and the settlement agreement allowed them “a reasonable period of time within which to secure financing to make the . . . payment.”  Stephen and Jane Silbernagel secured financing, but only if they could produce “clear title” to the property.  
Cf.
 
Kennedy v. Dennstadt
, 31 N.D. 422, 154 
N.W. 271, Syll. 1 (1915) (“An agreement by a vendor in an executory contract to furnish within a specified time an abstract showing a good and merchantable title to the property conveyed is a condition precedent, and the vendor must show a compliance therewith before he can require performance on the part of the vendee.”).  John M. and Tom Silbernagel are charged with the responsibility under the settlement agreement that “should a quiet title action be necessary to clear title on the lands involved . . . [they] will cooperate with said action to the fullest extent necessary by releasing their respective interests therein.”  Instead, John M. and Tom Silbernagel have failed to provide appropriate quit claim deeds and have resisted the quiet title actions, even 
though Stephen and Jane Silbernagel have proposed an escrow agent to handle the transactions.

[¶19] Whether a party has breached a contract is a finding of fact that will not be reversed on appeal unless it is clearly erroneous.  
WFND, LCC
, 2007 ND 67, ¶ 13, 730 
N.W.2d
 841.  We conclude the court’s finding that Stephen and Jane Silbernagel did not breach the settlement agreement is not clearly erroneous.

IV

[¶20] We granted Stephen and Jane Silbernagel’s motion to strike John M. and Tom Silbernagel’s inclusion of materials in their appendix and brief that were not a part of the record in violation of N.D.R.App.P. 30.  Stephen and Jane Silbernagel argue sanctions should also be imposed.

[¶21] Whether to administer sanctions under N.D.R.App.P. 13 for noncompliance with the Rules of Appellate Procedure is discretionary with this Court.  
City of Fargo v. Wonder
, 2002 ND 142, ¶ 7, 651 
N.W.2d
 665.  We assess double costs against John M. and Tom Silbernagel, and assess attorney fees in the amount of $300 against their attorney, Donavin L. Grenz.

V

[¶22] The judgment is affirmed.

[¶23] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.