# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 275

Becky Jo Krump-Wootton,

f/k/a Becky Jo Krump,     Plaintiff, Appellant, and Cross-Appellee

v.

Daniel Paul Krump,     Defendant, Appellee, and Cross-Appellant

and

State of North Dakota,     Statutory Real Party in Interest

No. 20190089

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

William Woodworth, Bismarck, N.D., for plaintiff, appellant, and cross-appellee.

Leah M. Warner, Fargo, N.D., for defendant, appellee, and cross-appellant.

**Jensen, Justice.**

[¶1] Becky Jo Krump-Wootton [Becky Krump-Wootton], appeals from a district court order denying her request to change the school location for the parties' children and denying her request to modify the parties' parenting time. Daniel Paul Krump [Daniel Krump] cross-appeals the denial of his request for modification of primary responsibility. We affirm.

I

[¶2] The parties were divorced in 2012. Becky Krump-Wootton was awarded primary residential responsibility of the parties' two children and Daniel Krump was allocated parenting time with the children. The judgment requires the parties to agree on the children's education. The children have attended school in Hankinson, North Dakota.

[¶3] Becky Krump-Wootton has remarried and her husband lives in Lisbon, North Dakota, about 65 miles from Hankinson. Believing Becky Krump-Wootton would remove the children from school in Hankinson and enroll them in school in Lisbon, Daniel Krump filed a motion seeking to enforce the provision of the judgment requiring the parties to agree on the children's education to prevent Becky Krump-Wootton from enrolling the children in Lisbon. Daniel Krump also sought modification of primary residential responsibility. Becky Krump-Wootton opposed the modification of primary residential responsibility and filed a motion seeking to modify Daniel Krump's parenting time to accommodate enrolling the children in school in Lisbon.

[¶4] The court found a prima facie case for modification of primary residential responsibility as required by N.D.C.C. § 14-09-06.6 and scheduled a combined hearing for resolution of all of the pending motions. At the beginning of the hearing, Becky Krump-Wootton requested the court approve the enrollment of the children in school in Lisbon.

[¶5] Following the evidentiary hearing, the court issued its findings, conclusions of law, and order denying all of the pending motions. Daniel Krump moved to amend the findings as follows: 1) removing references to Daniel Krump's motion to modify primary residential responsibility as an "alternative" request for relief to the children staying in school in Hankinson; 2) finding a significant or material change in circumstances had occurred notwithstanding the children's continued attendance in the Hankinson Public School; 3) finding it is in the children's best interests for Daniel Krump to be awarded primary residential responsibility of the children; and 4) to specifically state that the children shall continue to attend the Hankinson Public School. The court granted Daniel Krump's motion to amend the findings with the exception of it being in the best interests of the children to modify primary residential responsibility.

## II

[¶6] Daniel Krump filed a motion seeking to dismiss Becky Krump-Wootton's appeal asserting she failed to comply with several of our rules of appellate procedure. *See* N.D.R.App.P. 3(a). In the alternative to dismissal, Daniel Krump seeks a recovery of attorney fees. *See* N.D.R.App.P. 13.

[¶7] Failure to adhere to our rules of appellate procedure can result in the dismissal of an appeal. N.D.R.App.P. 3(a)(2). While dismissal is permissible, this Court has been reluctant to dismiss an appeal and generally desires to reach the merits of a case. *Latendresse v. Latendresse*, 283 N.W.2d 70, 71 (N.D.1979). "Whether to administer sanctions under N.D.R.App.P. 13 for noncompliance with the Rules of Appellate Procedure is discretionary with this Court." *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 21, 736 N.W.2d 441.

[¶8] Although we agree with Daniel Krump regarding Becky Krump-Wootton's failure to adhere to our rules of appellate procedure, Becky Krump-Wootton's issues on appeal significantly overlap with the issues raised by Daniel Krump in his cross-appeal. The significant overlap between the parties' issues reduces the justification for dismissal of the appeal because Daniel Krump would have likely filed substantially the same materials and engaged in similar briefing regardless of Becky Krump-Wootton's failure to adhere to

2

our rules. Under these circumstances we decline to dismiss Becky Krump-Wootton's appeal and decline to exercise our discretion to award Daniel Krump a recovery of attorney fees.

## III

[¶9]   The district court's order considered and analyzed collectively Becky Krump-Wootton's motion to modify Daniel Krump's parenting time, Becky Krump-Wootton's oral request to allow the children to attend school in Lisbon, Daniel Krump's motion to modify primary residential responsibility, and Daniel Krump's motion to enforce the education provision of the parties' judgment to require the children to attend school in Hankinson. Both parties challenge the factual findings of the district court.

[¶10] "Finding of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." N.D.R.Civ.P. 52(a)(6). We have recognized the following regarding our review of a motion to modify parenting time:

> A district court's decision resolving a motion to modify parenting time is a finding of fact, subject to the clearly erroneous standard of review. *Harvey v. Harvey*, 2016 ND 251, ¶ 4, 888 N.W.2d 543; *Schurmann v. Schurmann*, 2016 ND 69, ¶ 8, 877 N.W.2d 20. "[A] district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision." *Curtiss v. Curtiss*, 2016 ND 197, ¶ 13, 886 N.W.2d 565 (quoting *Estate of Nelson*, 2015 ND 122, ¶ 13, 863 N.W.2d 521). "The court's findings are sufficient if they afford a clear understanding of the court's decision and assist this Court in conducting its review." *Harvey*, at ¶ 4 (citing *Topolski v. Topolski*, 2014 ND 68, ¶ 7, 844 N.W.2d 875).

*Rath v. Rath*, 2018 ND 98, ¶ 7, 909 N.W.2d 666, reh'g denied. Similarly, we have recognized the following regarding our review of a motion to modify primary residential responsibility:

The district court's ultimate decision whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Haag v. Haag*, 2016 ND 34, ¶ 7, 875 N.W.2d 539. A finding of fact is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if we are convinced, on the basis of the entire record, that a mistake has been made. *Id*. "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a [residential responsibility] case or substitute our judgment for a district court's ... decision merely because we might have reached a different result." *Mowan v. Berg*, 2015 ND 95, ¶ 5, 862 N.W.2d 523 (quoting *Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786).

*Valeu v. Strube*, 2018 ND 30, ¶ 8, 905 N.W.2d 728.

[¶11] The district court considered the motions collectively, and issued extensive findings pertaining to all of the motions. After recognizing it was not required to apply the four *Stout-Hawkinson* factors to consideration of moves within the state, the district court used those factors for guidance in determining what would be in the children's best interests. *See Stout v. Stout*, 1997 ND 61, ¶ 33, 560 N.W.2d 903 (outlining the factors applying to consideration of an out-of-state move); *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144 (modifying the factors applying to consideration of out-of-state moves). We agree with the district court, under the circumstances of this case, the *Stout-Hawkinson* factors provide appropriate guidance for consideration of the pending motions.

[¶12] In reviewing the *Stout-Hawkinson* factors, the district court did not find the prospective advantages of the move would improve the children's quality of life. The district court did not find Becky Krump-Wootton's proposed move was for purpose of defeating or deterring Daniel Krump's direct parenting time and found Daniel Krump's opposition to the move to be "valid and not motivated by ill will." The district court also found "the move to Lisbon would have a significant negative impact on the girls' relationship with Daniel Krump that cannot be maintained through longer but less frequent parenting time." These findings reflect consideration of the four *Stout-Hawkinson* factors.

4

[¶13] Having considered the *Stout-Hawkinson* factors, the district court then considered the best interest factors as provided by N.D.C.C. § 14-09-06.2 to determine what would be in the best interests of the children. The factors as provided in N.D.C.C. § 14-09-06.2 are as follows:

a. The love, affection, and other emotional ties existing between the parents and child and the ability of each parent to provide the child with nurture, love, affection, and guidance.

b. The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.

c. The child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future.

d. The sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community.

e. The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.

f. The moral fitness of the parents, as that fitness impacts the child.

g. The mental and physical health of the parents, as that health impacts the child.

h. The home, school, and community records of the child and the potential effect of any change.

i. If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child. The court also shall give due consideration to other factors that may have affected the child's preference, including whether the child's preference was based on undesirable or improper influences.

j. Evidence of domestic violence. In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who

5

has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. If necessary to protect the welfare of the child, residential responsibility for a child may be awarded to a suitable third person, provided that the person would not allow access to a violent parent except as ordered by the court. If the court awards residential responsibility to a third person, the court shall give priority to the child's nearest suitable adult relative. The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

k. The interaction and inter-relationship, or the potential for inter-action and inter-relationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute.

[¶14] The district court found that factors (d), (e), and (h) favored Daniel Krump; factors (b), (c), (f), (g), (i), (j), (k), (l) and (m) favored neither party; and only factor (a) favored Becky Krump-Wootton. On the basis of those findings, the district court found "[i]t is in the best interest of AJK and CCK for Becky Krump-Wootton to continue to have primary residential responsibility and for Daniel Krump's parenting time to remain unchanged. Also that the girls continue attending Hankinson public school."

[¶15] Our standard of review on appeal with regard to the issues raised by the parties is whether the district court's findings are clearly erroneous. Upon reviewing the record and the district court's order, we conclude the findings were not induced by an erroneous view of the law and evidence exists in the record to support the court's findings, and we are not left with a definite and firm conviction the court made a mistake in evaluating the best interest factors. Our function as an appellate court is not to reweigh or reevaluate the evidence, or to reassess witness credibility, and we affirm the district court's findings.

IV

[¶16] Because Daniel Krump's motion for modification of primary residential responsibility was more than two years after the entry of a prior order establishing primary residential responsibility, in addition considering the best interests would be met by the requested modification, the district court was first required to determine whether there had been a material change of circumstances. *Valeu*, 2018 ND 30, ¶ 9. In its original order the district court determined there had not been a material change in circumstances but analyzed the best interest factors, because the district court believed it was "both necessary in its analysis of the proposed change in enrollment and helpful to engage in a discussion of the factors set forth in NDCC 14-09-06.2 to provide additional rationale for the court's decision." The district court subsequently granted Daniel Krump's motion to amend the findings to indicate there had been a material change in circumstances but reaffirmed its finding the best interests of the children were served by denying the motion to modify primary residential responsibility.

[¶17] Daniel Krump has appealed the denial of his motion to amend regarding the district court's determination that it would not be in the children's best interests to grant his motion to modify primary residential responsibility. As outlined above, we conclude the district court's findings regarding the best interests of the children are not clearly erroneous and we affirm the denial of the motion to amend to include additional findings on the best interests of the children.

7

[¶18] The district court's order considered and analyzed collectively Becky Krump-Wootton's motion to modify Daniel Krump's parenting time, Becky Krump-Wootton's oral request to allow the children to attend school in Lisbon, Daniel Krump's motion to modify primary residential responsibility, and Daniel Krump's motion to enforce the education provision of the parties' judgment to require the children to attend school in Hankinson. We affirm the district court's judgment denying Becky Krump-Wootton's motion to modify parenting time, Daniel Krump's motion to modify primary residential responsibility, and its amendment of the judgment providing the children will attend school in Hankinson.

[¶19] Jon J. Jensen
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.