2000 ND 18

Steve WEBSTER, Bradford T. Webster, William J. Webster, Meredith Owens, and Blanche Webster, Plaintiffs and Appellants,

v.

Richard REGAN, Defendant and Appellee.

No. 990130.

Supreme Court of North Dakota.

Feb. 18, 2000.

Douglas A. Christensen of Pearson Christensen, Grand Forks, N.D., for plaintiffs and appellants.

Neil Thompson of Thompson and Thompson, Devils Lake, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Steve Webster, Bradford T. Webster, William J. Webster, Meredith Owens, and Blanche Webster appeal from the trial court's partial summary judgment and judgment. We temporarily remand.

[¶ 2] In 1976, Helena Webster and Earl Webster stipulated to a property settle-

ment. On December 1, 1976, the trial court incorporated the parties' stipulation into a judgment, providing:

> Earl L. Webster, will grant unto the Plaintiff, Helena R. Websrer [sic], an easement for a strip of land 200 feet wide along the southwesterly shore of Morrison Lake from the meander line ... running ... to Gordon's Pass ... for a period of 99 years, and use of such 200 foot strip ... shall not be restricted in any way.

[¶ 3] On November 14, 1979, Helena Webster assigned the easement to Richard Regan. Steve Webster, Bradford T. Webster, William J. Webster, Meredith Owens, and Blanche Webster ("Websters") are Earl Webster's successors through inheritance. On September 20, 1996, the Websters sued Regan to define the easement, seeking a determination of whether the 200–foot–wide easement was on the meander line's upland side or on its littoral side; Regan's natural resource removal rights; and the location of Gordon's Pass, the easement's termination point. The Websters later dismissed the natural resource removal claim.

[¶ 4] On July 9, 1997, Regan moved for summary judgment based on the December 1, 1976, judgment. On September 18, 1997, the trial court granted partial summary judgment decreeing the easement was general in nature and the littoral land between the meander line and the lake shore was for the sole benefit of Regan. Regan moved the trial court to clarify the partial summary judgment. On November 17, 1997, the trial court entered a clarification order finding the 200–foot–wide easement was on the meander line's upland side.

[¶ 5] A trial was held on February 4, 1999. Despite the November 17, 1997,

order clarifying summary judgment, the trial court accepted evidence of Helena Webster and Earl Webster's intentions regarding the easement's location in relation to the meander line. On March 18, 1999, the trial court issued findings of fact, conclusions of law, and order for judgment incorporating the earlier finding that the easement was on the meander line's upland side. The trial court also determined the location of Gordon's Pass and the scope of Regan's rights to use the easement's littoral land. The trial court found:

> Since Gordon's Pass is described as being in Section 24 it is this Court's Finding that the easement terminates on its south end at a point on the north south running section line between Sections 23 and 24, where the meander line crosses from the NW ¼ of the SW ¼ of Section 24 to the NE ¼ of the SE ¼ of Section 23.

The trial court concluded, "[t]he Defendant Richard Regan has the right to use the riparian land [between] the meander line [and Morrison Lake] in any lawful manner."[1] On April 6, 1999, the trial court entered judgment. The Websters appeal.

[¶ 6] On appeal, the Websters raise several issues, including that the trial court erred by failing to provide a specific finding of fact on the easement's location in relation to the meander line. Rule 52(a), N.D.R.Civ.P., requires findings of fact and conclusions of law to enable the appellate court to understand the factual determination made by the trial court and the basis for its conclusions of law and judgment. *All Seasons Water Users v. Northern Imp.*, 399 N.W.2d 278, 281 (N.D.1987). We are unable to discern from the trial court's findings of fact whether the court retried the issue after receiving evidence of Helena Webster and

---

1. According to Black's Law Dictionary, "littoral" relates to "the coast or shore of an ocean, sea, or lake" and "riparian" generally relates to "the bank of a river or stream (or occasionally another body of water such as a lake)." *Black's Law Dictionary* 945, 1328 (7th ed.1999).

Earl Webster's intentions at the time of the stipulation, or simply relied on the partial summary judgment.

[¶ 7] Generally, when a stipulation is incorporated into a judgment, the stipulation and judgment are merged, and courts look to the incorporating judge's intent, not the intent of the parties to the stipulation. *Botner v. Botner,* 545 N.W.2d 188, 190 (N.D.1996); *In re Marriage of Sylvester,* 412 N.W.2d 624, 628 (Iowa 1987). Extrinsic evidence of the parties' intent is considered only if, after an examination of the judgment, the stipulated language is ambiguous and the incorporating court's intent cannot be determined. *See In re Marriage of Hoffman,* 264 Ill.App.3d 471, 202 Ill.Dec. 89, 637 N.E.2d 628, 630 (1994); *In re Marriage of Winningstad,* 99 Or.App. 682, 784 P.2d 101, 103–04 (1989); *In re Marriage of Trearse; Janish,* 195 Cal.App.3d 1189, 1194, 241 Cal.Rptr. 257, 260–61 (1987).

[¶ 8] The December 1, 1976, judgment provided, "Earl L. Webster will grant unto the Plaintiff, Helena R. Websrer [sic], an easement for a strip of land 200 feet wide along the southwesterly shore of Morrison Lake *from the meander line."* (Emphasis added.) This language was based on Helena Webster and Earl Webster's incorporated stipulation and is ambiguous. Summary judgment based on that language therefore was inappropriate. An order granting partial summary judgment is not final, but remains subject to revision before entry of final judgment. N.D.R.Civ.P. 54(b). The trial court properly should have considered evidence of Helena Webster and Earl Webster's intentions at the time of stipulation. However, we are unable to discern whether the trial court reconsidered its earlier partial summary judgment after receiving evidence of Helena Webster and Earl Webster's intentions regarding the easement's location in relation to the meander line, or simply relied on the partial summary judgment. We therefore remand for more explicit findings regarding the easement's location in relation to the meander line, and the factual basis for that determination. *See* N.D.R.App.P. 35(b). The trial court may determine if the existing record is sufficient or if additional evidence is necessary to make the required findings.

[¶ 9] Under Rule 35(b), N.D.R.App.P., we retain jurisdiction of the appeal during remand and hold the determination of the appeal in abeyance.

[¶ 10] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., GERALD G. GLASER, S.J., concur.

[¶ 11] GERALD G. GLASER, S.J., sitting in place of MARING, J., disqualified.