2013 ND 192

**Roberta (Bobbi) Marie KUKLA, Plaintiff and Appellee**

v.

**Wayne KUKLA, Defendant and Appellant.**

**No. 20120451.**

Supreme Court of North Dakota.

Oct. 22, 2013.

Rehearing Denied Nov. 21, 2013.

Suzanne M. Schweigert (argued) and Stacy M. Moldenhauer (on brief), Bismarck, N.D., for plaintiff and appellee.

Zachary E. Pelham (argued) and Meredith Vukelic (appeared), Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Wayne Kukla appeals from an amended judgment entered after the district court granted Roberta ("Bobbi") Marie Kukla's motion to amend and vacate a 2004 divorce judgment. We conclude the district court abused its discretion in granting Bobbi Kukla's motion under N.D.R.Civ.P. 60. We therefore reverse the amended judgment and reinstate the 2004 divorce judgment.

I

[¶ 2] This case involves the propriety of amending a divorce judgment to alter ownership of mineral acres located within certain farm property located in Dunn County. Bobbi Kukla and Wayne Kukla were divorced in a judgment entered on February 11, 2004, after the parties reached a stipulated settlement. The parties did not execute a written agreement, but rather an oral representation of the terms and conditions of the parties' agreement was read into the record at a January 15, 2004, hearing in the district court.

[¶ 3] Both parties acknowledged their agreement with what was read into the record at the time of the 2004 hearing. Regarding the distribution of the parties' real property, Bobbi Kukla's attorney stated the following:

> With regard to the property division, Your Honor, the real estate will be divided, as follows:

> The farm real estate will be awarded to [Wayne Kukla] and [Bobbi Kukla] shall execute any necessary deeds as quitclaim or whatever that's needed to transfer that.

> The residence in Killdeer will be awarded to [Bobbi Kukla].

> The mineral acres that are currently in existence will be divided equally. They will each have an undivided one-half interest in those mineral acres.

[¶ 4] The findings of fact, conclusions of law, and order for judgment entered at the time of the divorce distributed the residence and farm property but made no reference to any mineral acres. Notably, the parties also owned other mineral interests together as joint tenants. The subsequently entered divorce judgment distributed to Bobbi Kukla the residence in Killdeer and distributed to Wayne Kukla the farm property, "[s]ubject to all encumbrances of record, but free and clear

of any claim on the part of [Bobbi Kukla]." The judgment also made no reference to mineral acres owned by the parties or the parties' agreement to equally divide the mineral interests "currently in existence." In March 2004, Bobbi Kukla executed and delivered a quitclaim deed for the farm property to Wayne Kukla, without any reservation or exception for the minerals.

[¶ 5] In April 2012, over eight years after entry of the divorce judgment and filing of the quitclaim deed, Bobbi Kukla moved the district court for relief under N.D.R.Civ.P. 60(a) and 60(b)(1) and (6). In her motion, she requested the court correct a "clerical error" because the court failed to address the mineral acres in the divorce judgment and award her an undivided one-half interest in the mineral acres under the parties' agreement. Wayne Kukla opposed the motion, arguing Bobbi Kukla was not entitled to relief, because there was no error or omission in the judgment and eight years had passed since their divorce judgment was entered. In August 2012, the court held an evidentiary hearing during which both Bobbi Kukla and Wayne Kukla testified and were cross-examined on their submitted affidavits.

[¶ 6] In November 2012, the district court granted relief from the divorce judgment under N.D.R.Civ.P. 60(a) and 60(b)(6). The court held there was no ambiguity in the oral agreement regarding division of the mineral estate, in that the parties "intended to divide all of the mineral acres they owned, both severed and non-severed, equally between them." The court found "exceptional circumstances" existed justifying relief because the divorce judgment did not reflect the parties' full agreement put on the record. The court also found Bobbi Kukla "did what she could to correct the error in a timely fashion." The court ordered the judgment be amended to grant Bobbi Kukla an undivided 1/2 interest in all of the mineral interests owned by the parties at the time of the divorce, whether the mineral interests were severed at that time or not; and ordered Wayne Kukla to account to her for one-half of the proceeds attributable to the one-half share of the mineral estate of the farm property. An amended judgment was subsequently entered.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Wayne Kukla's appeal is timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 8] Wayne Kukla argues the district court abused its discretion in granting Bobbi Kukla's motion to amend and vacate the divorce judgment entered more than eight years ago.

[¶ 9] Generally, when a stipulation is incorporated into a judgment, this Court is concerned only with interpretation and enforcement of the judgment, not with the underlying contract. *See Serr v. Serr*, 2008 ND 56, ¶ 8, 746 N.W.2d 416; *Botner v. Botner*, 545 N.W.2d 188, 190 (N.D.1996). When incorporated into a judgment, "the stipulation and judgment are merged, and courts look to the incorporating judge's intent, not the intent of the parties to the stipulation." *Webster v. Regan*, 2000 ND 18, ¶ 7, 605 N.W.2d 808. "Extrinsic evidence of the parties' intent is considered only if, after an examination of the judgment, the stipulated language is ambiguous and the incorporating court's intent cannot be determined." *Id.* "The interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished." *Serr*, at ¶ 8. Rule 60, N.D.R.Civ.P., however, provides for relief

from a judgment under certain circumstances.

## A

[¶ 10] Wayne Kukla argues the district court erred in granting Bobbi Kukla's motion to amend the 2004 divorce judgment under N.D.R.Civ.P. 60(a).

[¶ 11] Under N.D.R.Civ.P. 60(a), a district court may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In *Fargo Glass and Paint Co. v. Randall*, 2004 ND 4, ¶ 5, 673 N.W.2d 261, we explained our standard in applying this rule:

> "This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.
>
> > 'Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for "the correction of irregularities which becloud but do not impugn [the judgment]." *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968). The problem is essentially one of characterization. *Kelley v. Bank* [*Bldg. & Equip. Corp. of Am.*], 453 F.2d 774, 778 (10th Cir. 1972). It must be determined "whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections." *Kelley*, supra.
> >
> > 'A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was in-

tended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done.' (Citations, footnote omitted.)
>
> *Gruebele v. Gruebele*, 338 N.W.2d 805, 811–12 (N.D.1983); *see also Volk v. Volk*, 435 N.W.2d 690, 692 (N.D.1989)."

*Fargo Glass & Paint*, at ¶ 5 (quoting *First W. Bank v. Wickman*, 513 N.W.2d 62, 64 (N.D.1994)). Thus, "[a] court may correct, [under] Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial." *Gruebele*, 338 N.W.2d at 811.

[¶ 12] In considering federal case law interpreting F.R.Civ.P. 60, from which N.D.R.Civ.P. 60 was adopted, we have said "typical" clerical mistakes include transcription and mathematical errors, but "the federal rule authorizes a district court to correct ambiguities and errors of omission or oversight to clarify and reflect the court's intent when the initial judgment was entered." *Roth v. Hoffer*, 2006 ND 119, ¶ 9, 715 N.W.2d 149. We further discussed distinguishing between clerical and substantive mistakes:

> "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination."

*Roth*, at ¶ 9 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir.1987)). This Court has also expressed its "prefer-

ence for the use of the N.D.R.Civ.P. 60(b) procedure for relief from judgment, rather than the Rule 60(a) procedure, when a party seeks to change a previously entered judgment." *Fargo Glass & Paint Co.,* 2004 ND 4, ¶ 7, 673 N.W.2d 261.

[¶ 13] Here, Bobbi Kukla testified it was her intention that all the mineral interests they owned would be equally split. Wayne Kukla asserted it was his intention to equally divide only those severed mineral interests owned at the time of the divorce. He testified he thought the oral agreement to equally divide mineral acres "currently in existence" referred to the mineral acres they had bought together and did not include mineral acres in the farm property since he was taking over the debt on that property.

[¶ 14] The district court, however, held it was "clear" from the language of the 2004 oral stipulation that the parties intended to divide all of the mineral acres they owned, both severed and non-severed, equally between them and that the judgment had omitted any mention of the division of the mineral estate. The court noted a different judge had presided over the divorce hearing in January 2004. The findings and order were submitted to the court in February 2004, after the court had assumed all of the prior judge's cases as his successor. The court explained that a letter from counsel accompanying the proposed findings stated both attorneys had approved the language of the judgment, that the court had no reason to question the counsel's assertion, and that the court had not heard the recitation of the oral stipulation. The court stated it did not have a copy of a transcript of the oral stipulation when it signed the findings.

[¶ 15] On appeal, Wayne Kukla argues the district court erred in concluding the 2004 judgment did not address division of the minerals, because the judgment pro-

vides for the disposition of the farm property. *See, e.g., Sibert v. Kubas,* 357 N.W.2d 495, 496 (N.D.1984) ("It is well settled that a conveyance of land, without any exception or reservation of the minerals constitutes a conveyance of 100 percent of the minerals as well as the surface."). Wayne Kukla asserts both the oral settlement agreement and the judgment required conveyance of the farm property to him and there was no stated reservation of unsevered minerals that are a part of the farm property in the judgment or the settlement agreement. He further suggests there would be no reason to include in the judgment the "separate and severed minerals" the parties owned jointly because the divorce decree would convert the joint tenancy to tenancy in common by operation of law. *See* N.D.C.C. § 30.1–10–04(2)(b); North Dakota Title Standard 4–02.

[¶ 16] Wayne Kukla argues N.D.R.Civ.P. 60(a) does not apply, because no mistake occurred. He argues the oral settlement agreement was effectively reduced to writing by the proposed order for judgment, which was drafted by Bobbi Kukla's attorney and signed by the court. He contends the oral agreement, at most, created an ambiguity about what was intended by the disposition of the real property. Wayne Kukla argues that, taking ambiguity in the oral agreement into account, the parties' actions after the oral agreement favor resolving any ambiguity in his favor. He contends Bobbi Kukla is attempting to relitigate the issue under N.D.R.Civ.P. 60(a).

[¶ 17] Bobbi Kukla contends, however, that the original 2004 judgment "clearly" shows Wayne Kukla was granted only the "surface" acres of the farm property and the words "mineral acres" or "mineral rights" do not appear in the judgment. Bobbi Kukla argues the mineral interests

at issue "existed" at the time of the divorce and thus there was a reservation of the mineral acres owned at that time. She contends the oral stipulation made at the January 2004 hearing was an explicit reservation of all of the mineral acres. She further asserts it was pure oversight that the mineral acre division was not included in the 2004 judgment.

[¶ 18] In this case, the parties have made competing arguments regarding: 1) the proper interpretation of their oral settlement agreement made at 2004 divorce hearing, and 2) whether the divorce judgment's failure to specifically address a division of mineral interests constitutes an "omission" based on their agreement. In the amended judgment, however, the district court went beyond merely correcting a "clerical mistake" or a "mistake from an oversight or omission" in the divorce judgment as permitted under N.D.R.Civ.P. 60(a). Rather, the court granted the relief after taking the parties' testimony and interpreting the 2004 oral representation of the parties' settlement agreement for distributing the real property, which the parties disputed at the 2012 hearing. The dissent, however, asserts that the failure of the proposed concluding documents to make any "mention of the mineral interests" and the "total absence" of a "mineral interest provision" in the judgment is a "mistake arising from omission," which permits relief under N.D.R.Civ.P. 60(a). The dissent then contends that the issue should have become one of interpreting an "arguably ambiguous" provision in attempting to enforce the amended judgment and that the court erred in doing this under the guise of Rule 60. However, as discussed, Rule 60(a) "authorizes a district court to correct ambiguities and errors of omission or oversight to clarify and reflect the court's intent when the initial judgment was entered." *Roth*, 2006 ND 119, ¶ 9, 715 N.W.2d 149. The dissent seems to

advocate incorporating an "arguably ambiguous" provision, which the district court admittedly had no "intent" to enter at the time of entering the judgment based on its failure to become familiar with the record. While this may be simply a matter of characterization under N.D.R.Civ.P. 60(a), we believe the amendment here affects substantive portions of the judgment.

[¶ 19] Under N.D.R.Civ.P. 60(a) the district court may not change its mind on the basis of a legal or factual mistake in making the original determination. *See Roth*, 2006 ND 119, ¶ 9, 715 N.W.2d 149. The amended judgment here not only altered the property distribution in the 2004 divorce judgment, that is, the distribution of the farm property without reservation to Wayne Kukla, but is also directly contrary to the quitclaim deed Bobbi Kukla executed subsequent to the divorce judgment. This Court has said that "[w]hen [one] intend[s] the facts to which the law attaches a consequence, [one] must abide the consequence whether [one] intend[s] it or not." *Langer v. Pender*, 2009 ND 51, ¶ 29, 764 N.W.2d 159. While the dissent apparently dismisses this as a "legal bromide," the dissent does not address the quitclaim deed, which plainly contained no reservation of mineral interests. Further, this Court has noted a preference for such motions to be brought under Rule 60(b). *Fargo Glass & Paint Co.*, 2004 ND 4, ¶ 7, 673 N.W.2d 261. Here, in characterizing the district court's amendment of the original divorce judgment as correcting an error of omission, the dissent downplays that the district court held a hearing, received testimony and evidence, and construed the language of the stipulation to find a mistake from omission and to enter the amended judgment.

[¶ 20] Under these circumstances, we conclude N.D.R.Civ.P. 60(a) does not apply, because the amended judgment went

beyond merely correcting a "clerical mistake" or a "mistake from an oversight or omission," but rather affected a substantive portion of the divorce judgment. We therefore conclude the district court erred in granting relief under N.D.R.Civ.P. 60(a).

## B

[¶ 21] Wayne Kukla argues the district court abused its discretion under N.D.R.Civ.P. 60(b)(1) and (6) in granting Bobbi Kukla's motion to amend and in vacating the 2004 divorce judgment.

[¶ 22] Rule 60(b), N.D.R.Civ.P., states in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>
>     . . . .
>
>     (6) any other reason that justifies relief.

Regarding the timing of a Rule 60(b) motion, N.D.R.Civ.P. 60(c)(1) provides:

> A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after notice of entry of the judgment or order in the action or proceeding if the opposing party appeared, but not more than one year after a default judgment has been entered.

Thus, under N.D.R.Civ.P. 60(c)(1), while a Rule 60(b)(1) motion based on a "mistake, inadvertence, surprise, or excusable neglect" must be brought within a reasonable time but no later than one year after notice of entry of the judgment, a Rule 60(b)(6) motion may be brought within a "reasonable time."

[¶ 23] Although N.D.R.Civ.P. 60(b)(6) should not be used when another subsection may apply, Rule 60(b)(6) may be used when "the grounds for vacating a judgment or order are" within another subsection, but "something more" or "extraordinary" is present to justify relief from the judgment. *Suburban Sales & Serv., Inc. v. District Court of Ramsey County*, 290 N.W.2d 247, 252 (N.D.1980) (citations omitted); *see also Brigham Oil & Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 47, 801 N.W.2d 677 (no abuse of discretion in denying motion when no "extraordinary circumstances" were present and motion was not made within a reasonable time); 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2864 (3d ed. 2012) ("If the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule, then the motion will be granted only when extraordinary circumstances are present.").

[¶ 24] The party moving for Rule 60(b) relief has the burden to establish "sufficient grounds for disturbing the finality of the decree, and relief should be granted only in exceptional circumstances." *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 10, 609 N.W.2d 90. A district court's decision on a N.D.R.Civ.P. 60(b) motion will not be reversed on appeal absent an abuse of discretion. *Brigham Oil & Gas, L.P.*, 2011 ND 154, ¶ 46, 801 N.W.2d 677. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

[¶ 25] Whether a Rule 60(b) motion has been timely made is within the district court's discretion and will not be overturned on appeal unless the court abuses its discretion. *See Brakke v. Brakke*, 525 N.W.2d 687, 689 (N.D.1994); *Matter of Estate of Hansen*, 458 N.W.2d

264, 269 (N.D.1990). "What constitutes a reasonable time to bring a motion for relief varies from case to case and must be determined in each instance from the facts before the court." *Brakke*, at 689. Nonetheless, a Rule 60(b) motion "is not to be used to relieve a party from free, calculated, and deliberate choices," and "[a] party remains under a duty to take legal steps to protect his own interests." *Follman*, 2000 ND 72, ¶ 11, 609 N.W.2d 90 (quotations omitted). "Rule 60(b) 'attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and accordingly ... should be invoked only when extraordinary circumstances are present.'" *Bellefeuille v. Bellefeuille*, 2001 ND 192, ¶¶ 15–16, 636 N.W.2d 195 (twenty-one years was an unreasonable time to grant relief from judgment, despite former wife's assertion motion was filed within a year of learning she may have had an interest in former husband's pension).

[¶ 26] Wayne Kukla contends that because Bobbi Kukla's Rule 60(b)(6) motion alleges the same grounds as Rule 60(b)(1), Rule 60(b)(6) does not apply and the time for a 60(b)(1) motion has expired. He also argues Bobbi Kukla's argument for applying Rule 60(b)(6) merely asserts a mistake was allegedly made and "something more" or "extraordinary" does not exist. He argues the time to bring her motion seeking relief expired by either the passing of one year from judgment or by an unreasonable amount of time passing since entry of the judgment. Bobbi Kukla responds that N.D.R.Civ.P. 60(b)(6) gives the court "a grand reservoir of equitable power to do justice in a particular case," *Olander Contracting Co. v. Gail Wachter Invs.*, 2003 ND 100, ¶ 9, 663 N.W.2d 204 (quotation omitted), and this subsection provides the "ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice." *Kopp v. Kopp*, 2001 ND 41, ¶ 10, 622 N.W.2d 726. She contends the provision was created for cases like this in which an injustice would clearly occur if she were not granted relief. On the basis of this record, however, we conclude that whether Bobbi Kukla's motion under N.D.R.Civ.P. 60(b) was made "within a reasonable time" is dispositive.

[¶ 27] Here, in finding Bobbi Kukla "did what she could to correct the error in a timely fashion," the district court noted that Bobbi Kukla had tried to correct the omission with her attorney, who was closing his practice, tried to raise the issue with Wayne Kukla and his attorney, and tried to locate the court reporter to request a transcript but was unable to determine to whom the request should be sent. However, Bobbi Kukla's motion for relief was made over eight years after the divorce judgment was entered in this case. Bobbi Kukla's affidavit states she brought the "incorrect judgment" to her attorney "at the time" when she received the judgment without mention of the minerals, and she says he assured her the minerals would be retained even though they were not mentioned.

[¶ 28] Bobbi Kukla testified she called Wayne Kukla's attorney in 2004 and told her about the error. She also wrote a letter to his attorney on January 30, 2006. In her letter, Bobbi Kukla stated, "Another issue that was neglected is the distribution of mineral acres in both of our names. As I recall, we verbally agreed to equally divide the minerals. However, I failed to retain half of the minerals when I conveyed the farm land to Wayne." Bobbi Kukla also stated it took her 18 months to find the original court reporter to obtain a transcript of the 2004 hearing. She stated in her affidavit that she had no attorney shortly after the divorce and did not have funds to hire one to resolve the mineral

issue. She stated she "put the emotional welfare of [their] children first and waited until they had all graduated from High School and had a choice to leave the pressure of their Dad." In her affidavit, she also states she consulted with another attorney who encouraged her to find the transcript and pursue the correction but suggested she seek counsel with her present attorney.

[¶ 29] Although the district court found she "did what she could do" in seeking relief from the judgment, this finding is not supported by the evidence. Other than her asserted 18 months in attempting to locate the court reporter and her reliance on her attorney's advice, Bobbi Kukla has not put forth evidence demonstrating why she was prevented or precluded from filing her motion for relief for eight years. Wayne Kukla asserts, however, he and others have relied on the judgment and deed. The minerals at issue have apparently been leased, and Wayne Kukla has been receiving income from these mineral acres. Although Bobbi Kukla proffered a number of reasons why she was unable to move the court for relief under N.D.R.Civ.P. 60, as a matter of law, we conclude there is no evidence supporting the district court's conclusion that Bobbi Kukla did what she could do to correct the error in a timely fashion.

[¶ 30] We conclude the district court abused its discretion under N.D.R.Civ.P. 60(b)(6) in granting Bobbi Kukla's motion. We therefore reverse the amended judgment and reinstate the original divorce judgment.

### III

[¶ 31] We have considered the remaining arguments raised by the parties and find they are either unnecessary to our decision or without merit. The amended judgment is reversed, and the 2004 divorce judgment is reinstated.

[¶ 32] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, JJ., concur.

KAPSNER, Justice, dissenting.

[¶ 33] I respectfully dissent from Part IIA of the majority opinion.

### I

[¶ 34] Although nuanced, the issues presented to the district court in this case were actually twofold: Whether an error occurred in the omission of a provision in the written judgment addressing mineral rights and whether that provision applied to the property transferred from Bobbi Kukla to Wayne Kukla. The district court, failing to differentiate between the two, addressed both issues under N.D.R.Civ.P. 60 and answered both questions in the affirmative.

[¶ 35] Under N.D.R.Civ.P. 60(a), a district court "may correct a clerical mistake *or* a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." (Emphasis added). However, this correction must be based on, and must be a reflection of, the record available to the court at the time of the original judgment, not an attempt to change the original judgment after the fact. *See Gruebele v. Gruebele*, 338 N.W.2d 805, 811–12 (N.D.1983) ("Rule 60(a) is not a vehicle ... to change what has been deliberately done.").

[¶ 36] In this case, the parties reached an agreement in their divorce proceedings which was orally placed on the record in lieu of a trial. This oral agreement stated, in relevant part, that:

With regard to the property division, ... the real estate will be divided, as follows:

The farm real estate will be awarded to the Defendant and the Plaintiff shall execute any necessary deeds as quitclaim or whatever that's needed to transfer that.

The residence in Killdeer will be awarded to the Plaintiff.

The mineral acres that are currently in existence will be divided equally. They will each have an undivided one-half interest in those mineral acres.

Between the oral agreement and entry of the written judgment, the judge presiding over the case was replaced. Proposed concluding documents were submitted to the new judge, which neglected to make any mention of the mineral interests. The new judge did not review a transcript of the oral agreement before entering the written judgment. As a result, the written judgment omitted the oral stipulation regarding mineral interests.

[¶ 37] The total absence of the mineral interest provision was a mistake arising from omission and thus could be corrected by the court under Rule 60(a). *See Gruebele*, 338 N.W.2d at 812 (reinstating a correction under Rule 60(a) where mineral reservation language was omitted from an order confirming the sale of property in a divorce matter). The district court recognized this mistake in its order:

The parties, when presenting their stipulation orally to the court, entered into a contract. That stipulation was merged into a written Judgment which was presented to the Court. . . .

However, the divorce Judgment does not expressly grant any minerals to anyone. In fact, the divorce Judgment does not mention minerals at all. The parties addressed the division of the mineral estates in the course of the stipulation and settlement which was orally put in the record before Judge Graff. It is obvious by reading the transcript of the trial that the division of the mineral estate was a specifically negotiated part of the agreement between the parties.

[¶ 38] To use the legal bromide about intending facts to which legal consequences are attached, restated in *Langer v. Pender*, and urged by the majority opinion, at ¶ 19, to contradict the plain language of Rule 60(a), is problematic. This is particularly true when the trial judge who entered the judgment is forthright in her admission that she had not become familiar with the record or reviewed the stipulation of the parties and could not have made the certification required under N.D.R.Civ.P. 63. The trial judge could not "intend" much at the time of signing the order for judgment except to complete the paperwork. When the transcript of the hearing to enter the parties' stipulation in lieu of trial is reviewed, there is an error of omission which "fail[s] to reflect what was intended at the time of trial," *Gruebele*, 338 N.W.2d at 811, and which may be corrected under Rule 60(a) "whenever one is found in a judgment." [1] Under Rule

---

1. "Our Rules of Civil Procedure were derived from the Federal Rules of Civil Procedure and any construction and interpretation given to the federal rules is entitled to appreciable weight by this Court in interpreting and construing our rules." *Larson v. Unlimited Bus. Exch. of North Dakota, Inc.*, 330 N.W.2d 518, 520 (N.D.1983). The first sentence of Fed. R.Civ.P. 60(a) mirrors the first sentence of North Dakota's Rule. Prior to a 2007 amendment, which was intended to be stylistic only, the federal rule read "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Advisory Committee Notes, 2007 Amendment, Fed.R.Civ.P. 60; Fed. R.Civ.P. 60(a) (2006). This language has consistently been interpreted to mean that no time limit is placed on the correction of mis-

60(a), it is the intent of the judge who ordered judgment that is crucial, not the subsequent intent of the parties. That, however, does not end the inquiry.

## II

[¶ 39] The remaining question is whether this amended judgment entitles Bobbi Kukla to receive payment for one-half the mineral interests in the disputed property. Bobbi Kukla's motion to the district court argued that the mineral rights provision applied to the property awarded to Wayne Kukla in the divorce judgment and asked that "the Court require Wayne to pay Bobbi her one-half share of all the income he has received from the mineral acres described above since the date of the parties' divorce." After amending the judgment to fix the error, Bobbi Kukla wanted the amended judgment enforced.

[¶ 40] Relying on the testimony and evidence presented at a 2012 evidentiary hearing on the issue, the district court interpreted the oral agreement as if it were in the judgment and as if it applied to the property in question and enforced the judgment "pursuant to Rule 60(a) and Rule 60(b)(6)," granting an undivided one-half interest in both the severed and unsevered mineral interests owned by the parties at the time of divorce and ordering Wayne Kukla to pay Bobbi Kukla for one-half of any proceeds received from these shares since the divorce. The problem arose at the district court level when issues of interpretation and enforcement were confused with issues of whether relief was available under N.D.R.Civ.P. 60(b).

[¶ 41] Where the language of a stipulated agreement is incorporated into the decree, the provisions of the agreement

are superseded by and merged into the decree. *Sullivan v. Quist*, 506 N.W.2d 394, 400 (N.D.1993). "Once a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Slorby v. Slorby*, 2009 ND 11, ¶ 4, 760 N.W.2d 89 (quoting *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441). This Court recognizes motions for clarification without reference to any particular rule of procedure when an ambiguous provision in the judgment creates an actual controversy between the parties. *Neubauer v. Neubauer*, 524 N.W.2d 593, 595 (N.D.1994) (citing *Anderson v. Anderson*, 522 N.W.2d 476 (N.D.1994); *Sullivan*, 506 N.W.2d 394; *Conitz v. Conitz*, 467 N.W.2d 93 (N.D. 1991); *Gross v. Gross*, 466 N.W.2d 154 (N.D.1991); *Wastvedt v. Wastvedt*, 371 N.W.2d 142 (N.D.1985)).

[¶ 42] When the language of a judgment is unambiguous, "the effect of the language must be based on the language's literal meaning." *Slorby*, 2009 ND 11, ¶ 5, 760 N.W.2d 89 (quoting *Glasser v. Glasser*, 2006 ND 238, ¶ 10, 724 N.W.2d 144). However, if the language is ambiguous, construction is allowed. *Slorby*, at ¶ 5. "When interpreting a judgment, the language of the judgment should be 'construed as to give effect to each and every part of it, and bring all different parts into harmony as far as this can be done by fair and reasonable interpretation.'" *Id.* (quoting *Sullivan*, 506 N.W.2d at 401). Extrinsic evidence of the parties' intent may be considered if the incorporating court's intent cannot be determined. *Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441 (citations omitted). Interpretation of a judg-

takes under Rule 60(a). *See* 12 J. Moore, *Moore's Federal Practice* § 60.12 (3d. ed.2013).

ment is a question of law, fully reviewable on appeal. *Slorby*, at ¶ 4 (citations omitted). "Whether a judgment is ambiguous is also a question of law." *Leverson v. Leverson*, 2011 ND 158, ¶ 11, 801 N.W.2d 740 (citations omitted). However, this Court has said that if the clarification has been provided by the same district court that ordered entry of the original judgment, we will afford such a clarification considerable deference. *Anderson*, 522 N.W.2d at 478–79.

[¶ 43] Because the district court's grant of relief under Rule 60(a) should have effectively incorporated the mineral rights provision of the oral agreement into an amended judgment, the next step should have focused on interpretation of the amended judgment, not the underlying contract. Thus, the district court's application of contract interpretation to the oral stipulation was erroneous, although harmless, since "the rules for interpreting judgments mirror the rules for interpreting contracts." *Slorby*, 2009 ND 11, ¶ 6, 760 N.W.2d 89 (quoting *Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441).

[¶ 44] The language of the oral stipulation, if incorporated into an amended judgment, is arguably ambiguous. The trial judge, however, held to the contrary. This appeal should be raising issues of whether the district court properly interpreted an amended judgment. It does not. However, I cannot join in the analysis of the majority that Rule 60(a) does not apply.

[¶ 45] MARY MUEHLEN MARING.