Filed 1/15/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 5

Tara Marie Ratchenski, f/k/a 

Tara Marie Lindell, Plaintiff and Appellee

v.

Alfred Jason Lindell, Defendant and Appellant

and

State of North Dakota, Statutory Real Party in Interest

No. 20140180

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Lee A. Christofferson, Judge.

AFFIRMED.

Per Curiam.

Kari R. Winning, P.O. Box 5788, Grand Forks, N.D. 58206-5788, for plaintiff and appellee; submitted on brief.

Rhiannon L. Gorham, P.O. Box 6306, Grand Forks, N.D. 58206-6306, for defendant and appellant; submitted on brief.

Ratchenski v. Lindell

No. 20140180

Per Curiam.

[¶1] Alfred Lindell appealed from an order denying his motion for parenting time with his minor children.  Lindell and Tara Ratchenski executed a marital termination agreement stipulating to a parenting plan for their minor children, and the district court entered a December 2011 divorce judgment incorporating that stipulation.  The judgment awarded Ratchenski primary residential responsibility of the parties’ minor children and said Lindell may move to modify the parenting plan upon final resolution of all criminal charges against him.  In April 2012, Lindell and the State entered a pretrial diversion agreement and suspension of prosecution under N.D.R.Crim.P. 32.2 for the pending criminal charges against him.  The pretrial diversion agreement suspended the prosecution against Lindell for three years until April 2015, if he complied with the terms of the agreement, and a district court judge approved the agreement.  The same district court judge who entered the divorce judgment thereafter denied Lindell’s request for parenting time, construing the language in the divorce judgment requiring final resolution of all criminal charges to mean expiration of the three-year period for the pretrial diversion, unless concluded earlier by the court approving the pretrial diversion agreement.

[¶2] Lindell argues the final resolution of all criminal charges against him occurred when he entered the pretrial diversion agreement in April 2012, and not, as determined by the district court, upon the expiration of the term for the pretrial diversion.  We conclude the district court correctly interpreted the earlier divorce judgment, and we affirm the order denying Lindell’s motion for parenting time under N.D.R.App.P. 35.1(a)(7) and the principle that when a stipulation is incorporated into a judgment, the stipulation and judgment are merged and courts look to the incorporating judge’s intent to construe the judgment.  
Kukla v. Kukla
, 2013 ND 192, ¶ 9, 838 N.W.2d 434.

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom