# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 146

State of North Dakota, ex rel, and

B.T.S., minor child, by and through Amy Salter,                    Plaintiffs

    v.

Tyler Vetter,                                        Defendant and Appellant

## No. 20230031

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND VACATED IN PART.

Opinion of the Court by McEvers, Justice.

Amy Salter on behalf of B.T.S., Mandan, ND, plaintiff; no appearance.

Justin D. Hager, Bismarck, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Tyler Vetter appeals from a fifth amended judgment entered after the district court denied his motion to hold Amy Salter in contempt and, on its own motion, invoked N.D.R.Civ.P. 60(a) to modify a fourth amended judgment. We reverse and vacate a portion of the fifth amended judgment, holding the district court erred when it invoked Rule 60(a) to make a non-clerical change to the judgment.

I

[¶2]   The district court entered a judgment requiring Vetter to pay Salter child support in this action. The judgment has been amended various times for reasons not relevant to this appeal. In a separate action, the court ordered primary residential responsibility changed from Salter to Vetter. The court subsequently entered a fourth amended judgment in this action requiring Salter to reimburse Vetter child support amounts he paid. It stated:

> Testimony at the hearing in this matter indicated that Tyler's child support obligation was taken out from January [2022] to May [2022] and distributed to Amy Salter. This resulted in her receiving $586.00 for each of those months. During that time, she did not support the minor child B.S. at all. As Tyler is now relieved of his child support obligation for those months, Amy must pay that money back to Tyler. Since an offset of child support obligations is not possible in this matter (as would be the normal way to deal with an overpayment), Tyler is granted judgment against Amy Salter in the amount of $2,930.00.

(Emphasis omitted.) Two days after the court entered its order to amend the judgment, we issued our opinion in *Hamburger v. Hamburger*, which explained a vested child support obligation cannot be retroactively modified, 2022 ND 154, ¶ 7, 978 N.W.2d 709. Neither party appealed the fourth amended judgment.

1

[¶3]   Vetter moved for an order to hold Salter in contempt for not paying him the $2,930. The district court held an evidentiary hearing. At the hearing, the court explained it believed its decision requiring Salter to pay Vetter was implicated by our opinion in *Hamburger*. The court ordered the parties to submit briefing as to whether *Hamburger* "impacts any aspect of the judgment that was entered." After Vetter submitted briefing, the court entered an order denying his motion for contempt and modifying the fourth amended judgment to remove the provision requiring Salter to pay Vetter. The court explained:

> Upon a careful reading of *Hamburger v. Hamburger*, and applying the law of that case to the facts here, the Court concludes that it committed error in making a *retroactive modification of the child support obligation* of Tyler Vetter to pay child support . . . . It was further error to require Amy Salter to "reimburse" Tyler Vetter for those lawfully ordered child support payments.

(Emphasis in original.) The court, citing N.D.R.Civ.P. 60(a), ordered the fourth amended judgment "be modified to reinstate the child support obligation of Tyler Vetter" for the earlier period and to "strik[e] the obligation of Amy Salter to make reimbursement." A fifth amended judgment was entered accordingly. Vetter appeals challenging the court's decision to modify the fourth amended judgment. He does not challenge the court's denial of his contempt motion.

## II

[¶4]   Vetter argues the district court lacked authority to amend the judgment under N.D.R.Civ.P. 60(a), which provides:

> (a) *Corrections Based on Clerical Mistakes; Oversights and Omissions*. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with notice. . . .

We review a district court's decision under N.D.R.Civ.P. 60(a) for an abuse of discretion. *Black Stone Minerals Co., L.P. v. Brokaw*, 2017 ND 110, ¶ 19, 893 N.W.2d 498. "'A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or

2

misapplies the law.'" *Id.* (quoting *Kukla v. Kukla*, 2013 ND 192, ¶ 24, 838 N.W.2d 434).

[¶5] Rule 60(a), N.D.R.Civ.P., is not a substitute for an appeal. *Fargo Glass & Paint Co. v. Randall*, 2004 ND 4, ¶ 5, 673 N.W.2d 261. Rule 60(a) was designed to allow courts to correct errors created by oversight or omission—to make the judgment "speak the truth"—but it does not allow the court to "change what has been deliberately done." *Kukla*, 2013 ND 192, ¶ 11 (quoting *Fargo Glass & Paint Co.*, at ¶ 5); *see also Gruebele v. Gruebele*, 338 N.W.2d 805, 811 (N.D. 1983) (stating the court may not make the judgment "say something other than what originally was pronounced"). The court may correct "blunders in execution," but it may not change its mind based on a legal or factual mistake. *Hageness v. Davis*, 2017 ND 132, ¶ 13, 896 N.W.2d 251. *Cf.* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (3d ed. April 2023 update) ("The fact that a decision is shown to be erroneous by a subsequent decision of a higher court is not the kind of clerical mistake or error of inadvertence that is within [Fed. R. Civ. P. 60(a)].").

[¶6] The district court's modification of the judgment in this case did not correct a clerical mistake or a mistake arising from oversight or omission as authorized by Rule 60(a). Based on the court's understanding of subsequent case law, the court amended the judgment to relieve Salter of her obligation to pay Vetter, which the court had intentionally imposed upon her. Even if the court was correct that its original decision was based upon a mistaken view of the law, Rule 60(a) does not authorize the court's modification. We conclude the court abused its discretion by misapplying the law when it invoked Rule 60(a) to relieve Salter of her obligations under the fourth amended judgment.

### III

[¶7] We decline to address the remaining issues raised by Vetter because they are unnecessary to our decision. We reverse and vacate the portion of the fifth amended judgment modifying Salter's obligations under the fourth amended judgment.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Jay A. Schmitz, D.J.

[¶9]   The Honorable Jay A. Schmitz, D.J., sitting in place of Bahr, J., disqualified.

4